In re Frederick T. GARNETT, Deborah Ann Garnett, Debtors.

Frederick T. GARNETT, Deborah Ann Garnett, Plaintiffs,

v.

FARMERS HOME ADMINISTRATION, Small Business Administration, Defendants.

Bankruptcy No. 5–87–00579(2)7.
Adv. No. 5–88–0002.

United States Bankruptcy Court, W.D. Kentucky.

June 30, 1988.

Lucius P. Hawes, Hopkinsville, Ky., for debtors.

Jane Gilbert, Louisville, Ky., for defendants.

Michael A. Richardson, Hopkinsville, Ky., Trustee.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on the parties' crossmotions for summary judgment pursuant to Fed.R.Civ.Pro. 56 and Fed.R.Bankr.Pro. 7056. Both parties' briefs in support of their position have been filed with the Court and reviewed. For the reasons set forth below, we sustain the plaintiffs' motion for summary judgment and overrule the defendants' motion for summary judgment.

A brief summary of the facts and circumstances giving rise to the proceeding is necessary.

Frederick T. and Deborah Ann Garnett ("debtors") filed for Chapter 7 relief on December 4, 1987. Shortly thereafter, the debtors, plaintiffs herein, filed this adversary proceeding seeking to void the defendants' liens against the debtors real property pursuant to 11 U.S.C. § 506(d). The defendants, Farmers Home Administration and Small Business Administration have filed a Response to the plaintiffs' motion as well as their own motion for summary judgment seeking dismissal of the plaintiffs' complaint.

The subject property of this adversary proceeding is the debtors family farm which has an undisputed value of $105,-000.00. Pennyrile Citizens Bank and Trust Company holds a first mortgage on the property, securing a claim in the amount of $99,343.71. Farmers Home Administration holds a second mortgage on the property, securing a claim of more than $363,000.00 and the Small Business Administration holds a third mortgage, securing its claim of over $173,000.00. The plaintiffs' complaint seeks to void Farmers Home Administration's lien on the farm property to the extent that its claim is unsecured and to void altogether the lien of the Small Business Administration.

The only issue to be decided in this proceeding is whether a Chapter 7 debtor may use § 506(d) to void liens against the debtors' real property to the extent the liens are unsecured.

This is a case of first impression in this district, although other courts have recently considered the issue and a split of authority has clearly emerged. The majority view and the view this Court chooses to adopt, holds in favor of allowing a Chapter 7 debtor to void the unsecured portion of a mortgage lien. *In re O'Leary*, 75 B.R. 881 (Bkrtcy.D.Or.1987); *In re Worrell*, 67 B.R. 16 (C.D.Ill.1986); *In re Tanner*, 14 B.R. 933 (Bankr.W.D.Penn.1981); *In re Lindsey*, 64 B.R. 19 (Bankr.C.D.Ill.1986); *In re Lyons*, 46 B.R. 604 (Bkrtcy.N.D.Ill.1985).

The leading case on this issue has been the *Tanner* case in which it was held that a Chapter 7 debtor may use § 506(d) to void an unsecured portion of a lien simply based on the plain language of that section. Under § 506(d), any lien that secures a claim against the debtor that is not an allowed secured claim is, subject to some exceptions, void. The *Tanner* Court concluded that "lien" as referred to in § 506(d) did not exclude real estate mortgages. The Court stated that Congress used the word "lien" without qualification which indicates an intention to apply the broad Code definition of "lien" found in Section 101(28), [ (presently § 101(33)) ], which, by definition, does not exclude real estate mortgages. Additionally, the *Tanner* Court states that the avoidance of an unsecured real estate mortgage is consistent with the Code's policy of providing the debtor with a fresh start.

However, there are a number of cases which have reached the opposite conclusion and deny the debtor use of § 506(d) to void an unsecured portion of a lien. *In re Maitland,* 61 B.R. 130 (Bkrtcy.E.D.Va.1986); *In re Mahaner,* 34 B.R. 308 (Bkrtcy.W.D.N.Y. 1983); *In re Nefferdorf,* 26 B.R. 962 (Bkrtcy.E.D.Pa.1983); *In re Gaglia, Jr.,* 76 B.R. 82 (Bkrtcy.W.D.Pa.1987)

■The major arguments supporting those decisions to disallow lien avoidance under § 506(d) are reiterated by the defendants in this case. The defendants' primary contention is that *if* § 506(d) permitted debtors to void unsecured portions of their mortgage, then § 722 would effectively be written out of the Code since § 722 expressly provides for the redemption of tangible personal property and, not real property. We disagree with that argument since § 506(d) simply does not operate as a redemption statute. Rather, § 506(d) focuses on determining the secured status of the lien and the effect of such in a bankruptcy. In the case of *In re Gibbs,* 44 B.R. 475 (Bankr.D.Min.1984), the Court stated:

> While § 722 is arguably incorporated within § 506(d), it has a completely different thrust. It is obviously a Chapter 7 provision and, therefore, applies only to

Chapter 7 cases and also only to individual debtors on certain types of debt. The two provisions are certainly not inconsistent, and I don't feel that the arguable redundancy argues in favor of restricting a section which is unambiguous on its face.

■ The *defendants* also adopt the argument made in the *Gaglia* case, supra, that allowing lien avoidance under § 506(d) would, in effect, destroy any meaning given to § 362(d). That section provides that the court shall grant relief from the stay, in certain situations, if (1) the debtor does not have equity in such property and (2) such property is not necessary to an effective reorganization. The defendants contend that if a creditor files a motion to lift the stay based on § 362(d), then a debtor could move the court to void the lien and redeem the property under § 506(d).

This Court appreciates the dilemma presented to creditors when confronted with this situation. However, it is important to remember that the goal of § 506(d) is to place the secured creditor in the same position that he would have been in absent the bankruptcy. If the creditor forecloses on the lien outside the bankruptcy, he would receive the market value of the collateral secured by the lien and a deficiency judgment for the balance. In a bankruptcy, § 506(d) gives the creditor a secured interest that he can foreclose equal to the market value of the collateral and makes him an unsecured creditor for the balance, which is all he would have received anyway. In this light, we do not feel that § 506(d) and § 362(d) are inconsistent.

■ The defendants further argue that in order to void a lien under § 506(d), there, first, must be a determination that the claim is disallowed under § 502(a) under *In re Nefferdorf,* 26 B.R. 962 (Bkrtcy.E.D.Pa. 1983). In *Nefferdorf,* the *Court* cites the original legislative history of § 506(d), as support for this argument, which states:

> Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under

section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed....

In short, the legislative history explains that if the underlying claim is disallowed under § 502, then the lien is void to the extent that the claim is not allowed. While we agree with the truth of this statement, we do not read § 506(d) as being applicable *only* in the instance of disallowance of a claim under § 502. As stated in *O'Leary*, "under § 506(d), liens pass through bankruptcy unaffected unless challenged in some way. Challenges may come by objecting to allowance of the underlying claim through § 502 or by a valuation hearing and bifurcation through § 506(a) and § 506(d)." *O'Leary*, 75 B.R. at 885.

■ Lastly, the defendants contend that by allowing a lien avoidance under § 506(d), a Chapter 7 debtor is receiving far more than he would have received in a Chapter 11 or 13. However, the Court notes that lien avoidance may also be available to debtors under Chapters 11 and 13. 11 U.S.C. § 103(a). While this district has never expressed an opinion thereon, other courts have allowed a Chapter 13 debtor to bifurcate the claim of an undersecured creditor and to void the lien to the extent the claim is unsecured, notwithstanding 11 U.S.C. § 1322(b). *In re Jablonski*, 70 B.R. 381 (Bankr.E.D.Pa.1987). *In re Bruce*, 40 B.R. 884 (Bankr.W.D.Va.1984). Further, as noted in the *O'Leary* case, lien avoidance in a Chapter 7 is only one of many factors a debtor should consider before choosing an appropriate chapter under which to file bankruptcy. "Each chapter contains its own special inducements and restrictions and must be evaluated as a whole." *O'Leary*, supra at 884.

In conclusion, this Court adopts the plain meaning of § 506(d) which allows a debtor to void liens against the debtors' real property to the extent the liens are unsecured. Accordingly, an order shall be entered sustaining the debtors' motion for summary judgment and overruling the defendants' motion for summary judgment.

This Memorandum-Opinion constitutes findings of fact and conclusions of law pursuant to Fed.R.Bankr. Pro. 7052.