*1538
 
 JOHNSON, Circuit Judge:
 

 This appeal arises from the district court’s affirmance of the bankruptcy court’s grant of summary judgment in favor of the Small Business Administration (“SBA”) on cross motions to determine the existence of a valid lien under 11 U.S.C.A. § 506. The district court held the SBA’s lien valid and intact. 85 B.R. 180. We reverse.
 

 I.FACTS
 

 The following facts were stipulated to by the parties:
 

 1. The Small Business Administration has perfected security interests in certain real and personal property.
 

 2. The Federal Land Bank and Central Georgia Production Credit Association are creditors of Paul D. Folendore and Helen
 

 H. Folendore with perfected security interests in the same property.
 

 3. Due to Subordination Agreements and prior filings, the liens of the Federal Land Bank and Central Georgia Production Credit Association are superior to the lien of the United States Small Business Association.
 

 4. The combined claims of Federal Land Bank and Central Georgia Production Credit Association exceed the value of the property serving as collateral.
 

 5. The United States Small Business Administration, due to the facts listed, held an unsecured claim at the time of the filing of the debtors’ petition.
 

 The Folendores filed a motion with the bankruptcy court entitled “Complaint to Determine Extent of Lien” seeking to void the SBA lien under 11 U.S.C.A. § 506 (1978).
 
 [1]
 
 The bankruptcy court held that the lien was still in effect because the Folendores had never formally made a request to disallow the debt secured by the lien under 11 U.S.C.A. § 502 (1978). The district court adopted the bankruptcy court’s opinion and added that even if a proper request under section 502 had been made, the lien would remain intact.
 

 II. DISCUSSION
 

 The SBA holds a lien junior to two liens that secure a debt greater than the value of the secured property. Consequently, its lien is
 
 unsecured
 
 under the Bankruptcy Code.
 
 See
 
 11 U.S.C.A. § 506(a) (“An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is an unsecured claim to the extent that the value of such creditor’s interest ... is less than the amount of such allowed claim”);
 
 accord In re Spadel,
 
 28 B.R. 537, 538-39 (Bankr.E.D.Pa.1983). The SBA’s claim is an
 
 allowed
 
 claim, because the SBA filed a proof of claim under 11 U.S.C.A. § 501 (1978). The parties dispute whether an unsecured lien supported by an allowed claim is voidable under 11 U.S.C.A. § 506.
 

 The key to resolving this dispute lies in 11 U.S.C.A. § 506(d), which reads:
 

 (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
 

 (1) a party in interest has not
 
 requested that the court determine and allow or disallow
 
 such claim under section 502 of this title; or
 

 (2) such claim was disallowed only under section 502(e) of this title.
 

 (emphasis added). The parties agree that the SBA does not have an allowed secured claim. Under the plain language of section 506(d), the Folendores may void the lien by making a request to disallow the claim secured by the lien.
 
 [2]
 
 The claim need not actually be disallowed; the motion for dis-allowance serves to void the lien.
 

 The request under section 506(d)(1) is not merely perfunctory — it serves the
 
 *1539
 
 vital purpose of alerting the bankruptcy-court to the existence of a claim of which it might otherwise be unaware due to a lien-holder’s failure to file a proof of claim. Because an unchallenged lien survives the discharge of the debtor in bankruptcy, a lienholder need not file a proof of claim under section 501.
 
 See In re Tarnow,
 
 749 F.2d 464, 465 (7th Cir.1984). Section 506(d) via section 502 makes the bankruptcy court aware of the claims secured by such a lien. If section 506(d) did not have the section 502 request requirement, claims underlying voidable liens might never come to the attention of the bankruptcy court.
 
 [3]
 

 The majority view of the bankruptcy courts is that section 506(d) may be used to void a lien if the proper request is made under section 502,
 
 even if the claim is not disallowed. See e.g. In re Garnett,
 
 88 B.R. 123, 126 (Bankr.W.D.Ky.1988) (“we do not read § 506(d) as being applicable
 
 only
 
 in the instance of disallowance of a claim under § 502”) (emphasis in original);
 
 In re O’Leary,
 
 75 B.R. 881, 883 (Bankr.D.Or. 1987);
 
 In re Worrell,
 
 67 B.R. 16 (C.D.Ill. 1986);
 
 In re Tanner,
 
 14 B.R. 933 (Bankr. W.D.Pa.1981);
 
 accord
 
 3
 
 Collier on Bankruptcy
 
 § 506.07 at 506-71 (15th ed. 1988) (the view that only liens based on disallowed claims may be voided by section 506 “is directly contrary to the clear language of section 506(d) and the majority of cases which have considered the matter.”); Note,
 
 The Debtor’s Right to Restrict Lienholder Recovery,
 
 11
 
 J.Corp.Law
 
 433 (1986).
 

 The majority view is supported by the 1984 amendments to the Bankruptcy Code which make it clear that all liens based on unsecured claims are void with two exceptions. The SBA would have no argument under the 1984 amendments. After 1984, the debtor need not even make a request under section 502. All unsecured liens are void under section 506 unless (1) the underlying claim was disallowed under section 502(b)(5) or section 502(c), or (2) the underlying claim is not an allowed claim because the lienholder failed to file a proof of claim. The protective function of the former request requirement is served by the new section 506(d)(2) which prevents the voiding of claims that the bankruptcy court does not know about — if no proof of claim has been filed, the lien survives.
 
 See
 
 3
 
 Collier on Bankruptcy
 
 § 506.07 at 506-65, 506-66.
 

 The plain language of the statute, supported by the decisions of a majority of the bankruptcy courts, inferences drawn from the 1984 amendments, and common sense, requires the SBA’s lien be voidable whether or not its claim has been disallowed under section 502. Consequently, we adopt the majority view that section 506(d) allows the voiding of a lien when a court has not disallowed the claim.
 

 The district court, without any analysis, adopted the contrary minority view and held that unless the claim securing the lien was disallowable under section 502, section 506(d) could not be used to void the lien.
 
 See In re Cordes,
 
 37 B.R. 582 (Bankr.C.D. Cal.1984);
 
 In re Mahaner,
 
 34 B.R. 308 (Bankr.W.D.N.Y.1983). The district court did not explain its rationale in rejecting the clear language of the statute. The SBA offers two main arguments in favor of affirmance.
 

 First, it argues that legislative history supports its view. The House Judiciary Committee notes state:
 
 *1540
 
 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 357
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 6313 (emphasis added). The Committee’s statement is obviously correct, but it does not state on its face that a lien is voidable
 
 only when
 
 the claim is unal-lowable under section 502.
 
 See In re Garnett,
 
 88 B.R. at 126. The SBA reads the committee notes expansively and argues that a lien is voidable
 
 only if
 
 the claim is not allowable.
 
 Cf. In re Spadel,
 
 28 B.R. at 539. Given the plain language of the statute, and the clarifications provided by the 1984 amendments, the SBA’s reading of the committee notes is not tenable. Even if its reading were logical, we cannot ignore the statutory language.
 
 See I.N.S. v. Cardoza Fonseca,
 
 480 U.S. 421, 452-53, 107 S.Ct. 1207, 1224, 94 L.Ed.2d 434 (1987) (Scalia, J., concurring) (“[I]f the language of a statute is clear, that language must be given effect — at least in the absence of a patent absurdity. Judges interpret laws rather than reconstruct legislators’ intentions. Where the language of those laws is clear, we are not free to replace it with unenacted legislative intent.”) (citations omitted).
 

 
 *1539
 
 [I]f a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502
 
 and the lien is not allowed,
 
 then the lien is void to the extent that the claim is not allowed.
 

 
 *1540
 
 Second, the SBA argues that the district court’s decision is supported by the policies behind 11 U.S.C.A. § 722 (1978) (debtor may redeem certain abandoned or exempt personal property). The SBA claims that the majority reading of section 506(d) allows a debtor to redeem real property. Because section 722 discusses only the redemption of personal property, the SBA asserts, section 506(d) should not be read to redeem real property.
 
 See In re Mahaner,
 
 34 B.R. at 309 (allowing section 506 to void a lien would effectively write section 722 out of Code). Our holding in no way threatens section 722, however. Section 722 will continue to permit the redemption of certain personal property. Our holding does frustrate the broad negative inference which the SBA argues should be drawn from section 722. That inference, however, is not persuasive.
 
 See In re Garnett,
 
 88 B.R. at 125 (“The two provisions are certainly not inconsistent, and I don’t feel that the arguable redundancy argues in favor of restricting a section [506(d)] which is unambiguous on its face.”)
 
 (citing In re Gibbs,
 
 44 B.R. 475, 478 (Bankr.D.Minn. 1984)).
 

 Section 506(d) does not really “redeem” the property of the debtor. The Folen-dores’ only interest in the property is possession — the two banks effectively own the property. While it is true that the Folen-dores might in the future pay off the mortgages on the property, at this moment the banks could foreclose on the property and cut out the SBA and the Folendores completely. The SBA admits the banks’ power to foreclose and annihilate the SBA lien. The SBA presumably hopes that sometime in the future the Folendores will have equity in the property which could be attached by the SBA. The SBA’s position is self-defeating. It simply provides an incentive for the Folendores to abandon the property. There is no reason the Folendores should remain on a piece of property on which the SBA can attach any equity they manage to generate. They, and any other post-discharge possessors of real property, would be far better off finding unencumbered property upon which to start their financial life afresh.
 
 [4]
 
 This, of course, would leave a creditor like the SBA with nothing, which is exactly what section 506(d) on its face says it has.
 
 [5]
 

 The whole point of bankruptcy is to provide a debtor with a fresh start. Section 506 allows the debtor the option to begin anew on its former property. Section 506 does not give a debtor its property back as some sort of windfall. It simply permits the debtor to eventually repurchase an equity interest in it, something the SBA admits it has the right to do on any other piece of land.
 

 Although the Folendores need not obtain a finding that the SBA’s claim is disallowed, section 506(d) does require
 
 *1541
 
 them to make a request that the claim be disallowed under section 502. The district court affirmed the bankruptcy court’s ruling that the Folendores’ failure to mention section 502 expressly in their complaint should result in summary judgment in favor of the SBA. The lower court’s ruling is in the nature of a dismissal under Fed.R. Civ.P. 12(b)(6), because the Folendores failed to allege an essential element of a section 506 claim.
 

 The Folendores’ complaint should have been liberally construed.
 
 See Parr v. Woodmen of the World Life Ins. Co.,
 
 791 F.2d 888, 889-90 (11th Cir.1986). All parties were represented at the proceeding, and all the facts necessary to obtain an avoidance of the lien were before the court. Whether the claim is allowed or disallowed is irrelevant. The SBA is therefore not prejudiced by a liberal construction of the complaint. The Folendores’ complaint should have been read as requesting the disallowance of the SBA claim under section 502, thereby working the avoidance of the SBA lien.
 

 III. CONCLUSION
 

 For the foregoing reasons, the judgment of the district court is REVERSED, and the case is REMANDED.
 

 [1]
 

 . Because of the filing date of the petition, this case is guided by the 1978 version of the Bankruptcy Code. Section 506 provided that liens on property were voidable to the extent they were unsecured.
 

 [2]
 

 . Although the Folendores have been discharged, their bankruptcy case has not yet been closed. A request to disallow under section 502 would therefore still be timely.
 
 See
 
 11 U.S.C.A.
 

 [3]
 

 . In this case, the SBA did file a proof of claim, so a request by the Folendores does not serve any practical purpose. Not surprisingly, the 1984 amendments do not require that debtors seeking to void a lien make a request in this situation.
 
 See
 
 11 U.S.C.A. § 506(d) (1984).
 

 The request requirement also permits the creditor to have his day in court. This prevents an unscrupulous debtor from voiding liens without the knowledge of the lienholder. If the debtor has failed to schedule the debt secured by the lien or has failed to provide notice to the creditor of the bankruptcy proceedings as required by the Bankruptcy Rules, the hearing upon debtor’s request to disallow may provide a creditor with its first notice that its claims are in jeopardy.
 

 [4]
 

 . The SBA expressly denies holding any post-discharge
 
 in personam
 
 claims against the Folen-dores. Its claim is admittedly purely
 
 in rem.
 

 [5]
 

 . The SBA also argues that the majority view of Section 506(d) conflicts with 11 U.S.C.A. §§ 522(f) and 1322(b). We are unable to perceive any inconsistencies between the sections.