**In re Allen & Jean MAMMOSER, Debtors.**

**Bankruptcy No. 88–12596 M.**

**Civ. No. 89–1518 C.**

United States Bankruptcy Court, W.D. New York.

July 11, 1990.

Aaron, Dautch, Sternberg & Lawson, David S. Lewandowski, Buffalo, N.Y., for debtors.

Watson, McGarvey, et al., Jason Joyce, Buffalo, N.Y., for Norstar Bank.

Edwin R. Ilardo, Hamburg, N.Y., Trustee.

BERYL E. McGUIRE, Chief Judge.

On March 20, 1989, the Chapter 7 debtors moved pursuant to subdivisions (a) and (d) of section 506, Title 11 U.S.C., to avoid the liens of four judgment creditors on non-residential real estate which they owned. It was claimed that the property was overencumbered and that the judgments were not supported by value. At a hearing held on April 10, 1989, the motion was denied as not authorized by law. An order denying the motion was entered on September 20, 1989.

A timely appeal of that order was filed and, by order dated June 19, 1990, the matter was remanded by the District Court for further consideration and for a statement of reasons underlying this Court's decision. In particular, the remand order noted the decisions of the third and eleventh circuits in *Gaglia v. First Federal Savings & Loan Assoc.*, 889 F.2d 1304 (3rd Cir.1989) and *Matter of Folendore*, 862 F.2d 1537 (11th Cir.1989). It should be noted at the outset that the views of the Bankruptcy Court in this district, reflected in opinions of my two colleagues,[1] are minority views not yet endorsed by any Circuit Court.

### I.

Quite simply, the issue is what power, if any, does a debtor in a Chapter 7 case have to avoid encumbrances against nonresidential real estate which are in excess of the value of the real estate?

In a non-bankruptcy context, it is apparent that by paying senior encumbrances,

---

**1.** *In re Frank G. Spendio*, No. 88–12773 (Bankr. W.D.N.Y. Oct. 26, 1989); *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983).

such an encumbrancer would be entitled to acquire the real estate. *See PNA v. White Eagle Hall Co.*, 98 A.D.2d 400, 403–405, 470 N.Y.S.2d 642 (2d Dep't 1983). In Chapter 7, generally, the trustee cannot even sell such a property without the consent of such a lienholder [section 363(f) ] and, given such a consent, the lienholder would be entitled to a credit for its interest at a sale [section 363(k) ]. In short, at least vis-a-vis a Chapter 7 trustee, junior encumbrancers' rights in a Chapter 7 liquidation case substantially mirror those held outside bankruptcy.

The Court believes it safely may be said that under former bankruptcy acts there never was any suggestion that a debtor in a liquidation proceeding, for his or her benefit, could remove encumbrances in excess of the value of real property owned. Quite to the contrary, such properties generally were lost to foreclosure proceedings in the state courts. [Indeed, the provisions of the current Code permitting debtors to avoid judicial liens on residential real estate to the extent they impair an exemption is novel to the current Bankruptcy Code. *See* § 522(f)(1), Title 11 U.S.C. *See also* H.R. Rep. No. 595, 95th Cong., 1st. Sess. 360–362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6315–6318.]

Against this history and background, it strikes this Court as facially unlikely that the Congress, sub silento, conferred rights upon a debtor so drastically affecting the rights of junior encumbrancers—rights indeed superior to those of a Chapter 7 trustee.

## II.

In this Court's view, the "plain meaning" of subsections (a) and (d) of section 506 is readily discernible when they are read in the context of their placement in the Code. They are found in subchapter I. of Chapter 5 captioned, "Creditors and Claims." Section 506, itself, is captioned "Determination of Secured Status." [It may be noted that the debtor's avoiding powers to protect exemptions is found in section 522 of subchapter II of chapter 5, entitled *"Debtor's Duties and Benefits"* (*emphasis added*)

and that most other avoiding powers are found in subchapter III, entitled, "The Estate".] Subchapter I is integral to the distribution process and simply interacts with and implements the remedial chapters of the Code [i.e. Chapters 7, 11, 12, and 13] and other related provisions. That is to say, section 506(d) is not an avoiding power per se; it instead provides avoidance consequences to implement or tidy up, if you will, a host of discrete powers conferred in other parts of the Code upon debtors, debtors-in-possession, or trustees.

Illustrations are in order.

In Chapter 11, the debtor-in-possession or trustee may propose a plan. The scope of the plan is delineated in section 1125, Title 11 U.S.C. The confirmation standards and permissible treatment of claims is circumscribed in section 1129, Title 11 U.S.C. Secured claims in this chapter may be affected and adjusted and when they are, section 506 operates to implement those adjustments.

In Chapter 12, the debtor may propose a plan; section 1222 governs its scope and section 1225 governs confirmation standards and treatment of claims. Here again, as to secured creditors, section 506 serves the implementing function.

In Chapter 13, again the debtor may file a plan; section 1322 governs its scope and section 1325 governs confirmation standards and claims treatment with section 506 implementing provisions as to secured creditors and their claims.

Chapter 7 stands in marked contrast to the rehabilitation chapters. Putting aside the specialty subchapters, the focus is upon the trustee and collection, liquidation and distribution of the estate. Only one provision confers any rights upon the debtor; those are the limited redemption provisions of section 722, and it does envision a determination of secured status under section 506.

In sum, section 506 serves a very plain and important function, namely, the implementation of a host of other provisions of

the Code, and it is not a stand-alone avoiding power.

### III.

Two other provisions of the Code further illustrate that section 506(d) is not a Chapter 7 debtor's avoiding power. A lien which is avoided under section 506(d) is preserved for the benefit of the estate, *not* the debtor. § 551, Title 11 U.S.C. Such a lien, if not disposed of, is to be returned to the former lienholder. § 725, Title 11 U.S.C. In short, such an avoiding power, if found to exist, would be an exercise in futility.

### IV.

As to the decisions of those courts which differ, in the main they choose to closely focus on the words of two subdivisions of a statutory provision which itself is but one of several provisions governing creditors and their claims; those provisions collectively forming a subchapter which meshes with numerous other provisions of the Code. In this Court's view, it is that narrow perspective that led them to divine a debtor's remedy in Chapter 7, not only totally at odds with that chapter and past bankruptcy practice, but also with the carefully crafted and circumscribed rights of debtors in Chapters 11, 12, and 13. *See Pennsylvania Public Welfare Dept. v. Davenport,* — U.S. —, —, —, 110 S.Ct. 2126, 2133, 2134, 109 L.Ed.2d 588 (May 29, 1990), (Blackmun, J. and O'Connor, J., dissenting).

For the reasons as herein amplified, the debtors' motion was denied.