**In re John R. RICHARDSON, Debtor.**

**John R. RICHARDSON, Plaintiff,**

v.

**Deborah Richardson LENICK, Defendant.**

**Bankruptcy No. BK 90–40185. Adv. No. 90–0129.**

United States Bankruptcy Court, S.D. Illinois.

Nov. 27, 1990.

Bruce Burkey, Altamont, Ill., for debtor, plaintiff.

John Speroni, Marion, Ill., for defendant.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Debtor, John Richardson, seeks to avoid the lien of defendant, Deborah Richardson Lenick, as an unsecured claim under 11 U.S.C. § 506(d). The defendant holds a second mortgage on real property owned by the debtor, and the parties have stipulated that the value of the property is less

than the balance due to the first mortgagee, Farm Credit Bank of St. Louis ("Farm Credit"). The defendant asserts that the debtor may not use § 506(d) to avoid liens for his personal benefit where there is no benefit to the bankruptcy estate. The defendant further asserts that the debtor's action under § 506(d) is inappropriate because there has been no determination of her claim as allowed or disallowed and that, therefore, her lien must pass through bankruptcy unaffected.

The facts are not in dispute. The debtor filed his Chapter 7 bankruptcy petition on February 15, 1990, and received an order of discharge on July 10, 1990. On February 23, 1990, the defendant filed a proof of claim in the debtor's bankruptcy proceeding showing a claim of $60,000 secured by a second mortgage on the property in question. The mortgage was executed in August 1979 to effectuate a marital settlement agreement in which the defendant agreed to quitclaim her interest in the parties' real estate to the debtor in exchange for a lump sum payment secured by the second mortgage. The debtor does not dispute the amount of the defendant's claim for the balance remaining due on this payment.

On March 19, 1990, following the filing of the defendant's proof of claim, the debtor and Farm Credit entered into a stipulation agreement in which the debtor agreed to execute a deed in lieu of foreclosure to Farm Credit with respect to the subject property.[1] As part of this agreement, the debtor promised to convey good and marketable title to Farm Credit subject only to a lien for 1990 real estate taxes. At the time of the debtor's bankruptcy filing, the total indebtedness secured by Farm Credit's first mortgage was $196,877.40, and the

value of the debtor's property was alleged to be $146,300.

Sections 506(a) and (d) were included in the Code to govern the definition and treatment of secured claims.[2] Application of subsection (a) results in bifurcation of previously secured claims. It provides that a claim is secured only to the extent of the value of the property which serves as collateral and that the remainder of the claim, up to the amount of the original obligation, is unsecured. Subsection (d) provides, with immaterial exceptions, that a lien which is not an allowed secured claim is void. The combined effect of these subsections is to "strip down" liens to the value of the security. *Matter of Lindsey*, 823 F.2d 189 (7th Cir.1987).

The defendant argues that the debtor may not avoid her lien under § 506(d) when the sole purpose is to benefit the debtor personally by allowing the agreement with Farm Credit to go forward. While the defendant cites no authority for the proposition that lien avoidance under § 506(d) must serve some "bankruptcy purpose," recent cases discussing the use of § 506(d) by Chapter 7 debtors have touched on this issue. *See In re Dewsnup*, 908 F.2d 588 (10th Cir.1990); *In re Gaglia*, 889 F.2d 1304 (3rd Cir.1989). These cases are divided on the role of § 506(d) lien avoidance in Chapter 7 liquidation proceedings.

The *Dewsnup* court, espousing what is characterized as the minority view, found that § 506(d) was not meant to be used in a liquidation proceeding to remove, for the debtor's own benefit, encumbrances in excess of the value of the debtor's real property. The court stated that to allow such use of § 506(d) would give debtors more in a liquidation proceeding than they would

1. Notice was given to creditors of the stipulation agreement between the debtor and Farm Credit, and, having received no objections, the Court approved the agreement and made it an order of the Court on April 19, 1990.

2. Sections 506(a) and (d) provide in relevant part:
    (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of

the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

    (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....
11 U.S.C. §§ 506(a), (d).

receive under the reorganization provisions of the Code. The court concluded that, rather than permitting Chapter 7 debtors to avoid undersecured liens and retain property for their own benefit, § 506(d) was intended to facilitate the disposition of property in reorganization proceedings (Chapters 11, 12 and 13), which encourage repayment to creditors. *See also In re Mammoser*, 115 B.R. 758 (Bankr.W.D.N.Y. 1990); *In re Shrum*, 98 B.R. 995 (Bankr.W. D.Okla.1989); *In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va.1986); *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983).

In *Gaglia*, by contrast, the court stated the majority view that § 506(d) allows a Chapter 7 debtor to avoid liens on property even though the property is abandoned as being of no benefit to the bankruptcy estate. The *Gaglia* court observed that application of § 506(d) places undersecured creditors in no worse position than if the property were liquidated in a forced sale. At the same time, Chapter 7 debtors may realize significant benefits from lien avoidance in that they have an increased opportunity to retain their property. The court, citing the 7th Circuit decision in *Lindsey*, noted that use of § 506(d) further enhances the Chapter 7 debtor's fresh start in that the debtor may prevent a lienor from waiting to foreclose after bankruptcy so as to obtain a deficiency judgment. *See also In re Folendore*, 862 F.2d 1537 (11th Cir. 1989); *In re Zlogar*, 101 B.R. 1 (Bankr.N. D.Ill.1989); *In re Garnett*, 88 B.R. 123 (Bankr.W.D.Ky.1988), *aff'd* 99 B.R. 757 (W.D.Ky.1989); *In re Tanner*, 14 B.R. 933 (Bankr.W.D.Pa.1981).

While not expressly addressing the issue of lien avoidance by Chapter 7 debtors, the 7th Circuit Court of Appeals in *Lindsey* implicitly sanctioned the use of § 506(d) in liquidation proceedings even when the purpose is to avoid excess liens for the sole benefit of the debtor. The court stated that § 506, in interaction with 11 U.S.C.

§ 501, enables the debtor to "precipitate" foreclosure proceedings to reduce the amount of secured claims and gain the benefit of temporarily depressed real estate prices. *Lindsey*, 823 F.2d at 191. The court further noted that use of § 506(d) enables the Chapter 7 debtor to simulate the results of a forced sale within the bankruptcy context, thus assuring the debtor a "fresh start" after bankruptcy. *Id.* at 191–92.

This Court, being bound by *Lindsey*, adopts the view that § 506(d) is not restricted to use for a particular bankruptcy purpose and is, therefore, available for the benefit of the Chapter 7 debtor. In the present case, the debtor seeks to remove the defendant's lien, which exceeds the value of the debtor's property, in order to convey the property free and clear of liens to the first mortgagee in satisfaction of his indebtedness to that creditor. The intended result is no worse for the defendant than if the first mortgagee had foreclosed on and sold the property outside of bankruptcy, while the debtor's use of § 506(d) within the context of this proceeding protects the debtor's fresh start following bankruptcy. *See Lindsey.*[3]

Contrary to the defendant's contention, § 506 by its terms is not limited to any particular purpose under the Code. *See Zlogar.* Since the debtor's use of § 506(d) is consistent with the language and intended effect of this provision, the Court finds that the debtor may properly invoke § 506(d) to avoid the defendant's lien.

■ The defendant additionally takes issue with the procedural steps followed by the debtor in seeking to avoid her lien. As a preliminary matter, she asserts that the debtor has failed to comply with Bankruptcy Rule 7003 governing adversary proceedings in that the debtor commenced his action to avoid liens with a pleading designated as a "motion" rather than as a "com-

---

**3.** As stated in *Lindsey:*

> If [the secured] creditor bypassed bankruptcy and foreclosed his lien, he would obtain the market value of the interest secured by the lien and a deficiency judgment for the rest. Section 506 gives him a secured interest ...

equal to the market value of his interest, and makes him an unsecured creditor for the rest, which is all that a judgment creditor is anyway.

823 F.2d at 191.

plaint." *See* Bankr.Rule 9004(b); 9 *Collier on Bankruptcy,* ¶¶ 7003.05, 7003.06 (15th ed. 1990).

The defendant is correct that an adversary proceeding to determine the validity, priority, or extent of a lien should be commenced by filing a complaint. *See* Bankr. Rules 7001(2); 7003.[4] However, despite the terminology used by the debtor here, the debtor's action was filed as an adversary proceeding, the requisite filing fee was paid, and summons was issued and served in accordance with the procedures applicable to adversary proceedings. The debtor's error in designating his pleading was a minor one and did not affect any substantial right of the parties. Accordingly, it will be disregarded by the Court as harmless error. Bankr.Rule 9005; 9 *Collier on Bankruptcy,* par. 9004.01, at 9004-1.

 The defendant argues, in any event, that § 506(d) may not be used to avoid her lien because there must first be a determination by the Court that the claim secured by her lien is disallowed. *See* 11 U.S.C. § 502. Prior to its amendment in 1984, § 506(d) provided that a lien could not be avoided if "a party in interest [had] not requested that the court determine and allow or disallow such claim under § 502...." 11 U.S.C. § 506(d) (1978). This provision required that the lienholder be given the opportunity for his "day in court" before any action affecting the lien could be taken, and, if no party in interest requested allowance or disallowance of the claim, the lien would survive the bankruptcy case even if the entire personal liability of the debtor were extinguished. 3 *Collier on Bankruptcy,* par. 506.07, at 506-68 to 506-69.

Section 506(d) was amended in 1984 to delete the requirement that a claim be disallowed under § 502 prior to lien avoidance under § 506(d). The amended § 506(d), ap-

plicable in this proceeding, incorporates the notice aspect of former § 506(d) by providing that liens will not be avoided solely because a proof of claim has not been filed. 11 U.S.C. § 506(d)(2); *see Matter of Folendore,* 862 F.2d 1537 (11th Cir.1989); 3 *Collier on Bankruptcy,* par. 506.07, at 506-69 to 506-70.

The defendant here has filed a proof of claim in the debtor's bankruptcy proceeding, and the debtor is entitled to avoid the defendant's lien under § 506(d) even though no separate proceeding to disallow her claim has been held. The debtor's action under § 506(d) is a proper means to challenge the defendant's lien. *See also In re Gaglia,* 889 F.2d 1304 (3rd Cir.1989); *In re Garnett,* 88 B.R. 123 (Bankr.W.D.Ky. 1988).

For the reasons stated, the Court holds that the defendant's unsecured lien against the debtor's property is void pursuant to § 506(d).

IT IS SO ORDERED.

---

**4.** By contrast, a proceeding under 11 U.S.C. § 522(f) to avoid liens that impair a debtor's exemptions is a contested matter under Bankruptcy Rule 9014 and is properly commenced through the filing of a motion. *See* Bankr.Rule 4003(d). Rule 4003(d) is an exception to the general rule that lien avoidance actions be brought as adversary proceedings and is a recognition that section 522(f) cases involve, for the most part, simple valuation questions, in which the formal procedural approach set out in Part VII of the Bankruptcy Rules is inappropriate. 8 *Collier on Bankruptcy,* par. 4003.6, at 4003-13; *see* 9 *id.* at 9014-5.