IN RE Oscar and Xiomara
ALONSO, Debtors.

Case No. 9:12-bk-09039-FMD

United States Bankruptcy
Court, M.D. Florida
Fort Myers Division

August 2, 2013.

Louis S Erickson, Golden Gate Legal Center, 11725 Collier Blvd. Suite F, Naples, FL 34116, for debtors.

Caryl E. Delano, United States Bankruptcy Judge

Chapter 7

### ORDER DENYING REQUEST FOR CERTIFICATION OF DIRECT APPEAL

THIS CASE came before the Court on the *Request for Certification of Direct Appeal* (the "Request for Certification") filed by Suncoast Schools Federal Credit Union ("Suncoast").[1] The Request for Certification relates to Suncoast's appeal[2] of this Court's *Order Granting the Debtors' Motion to Determine Secured Status of Suncoast Schools Federal Credit Union and to Strip Lien Effective upon Discharge* (the "Order").[3] The Order granted the Debtors' motion to "strip off" a wholly unsecured junior mortgage lien in a Chapter 7 case.

The Court entered the Order in reliance on the Eleventh Circuit Court of Appeals' unpublished decision in *In re McNeal*.[4] In *McNeal*, the Eleventh Circuit held that a

---

**1.** Doc. No. 55.

**2.** Doc. No. 52.

**3.** Doc. No. 50.

**4.** 477 Fed.Appx. 562 (11th Cir.2012).

Chapter 7 debtor can "strip off" a wholly unsecured junior mortgage lien. The *McNeal* court recognized that the United States Supreme Court's decision in *Dewsnup v. Timm*[5] prohibits a debtor in a Chapter 7 case from "stripping down" a partially unsecured lien to the value of the collateral. However, the *McNeal* court held, under the prior panel precedent rule, that because *Dewsnup* related to the "strip down" of a mortgage lien to the value of the underlying collateral rather than the "strip off" of a wholly unsecured junior lien, the Eleventh Circuit's ruling in *Folendore v. U.S. Small Business Administration*,[6] which permitted a Chapter 7 debtor to strip off a wholly unsecured junior lien, is the controlling law.

■ Suncoast contends that the Court should not have followed *McNeal* because, due to the appellee's pending petition for rehearing en banc, it is not a final order,[7] and because, as an unpublished decision, *McNeal* is not binding precedent.[8] Suncoast also argues that *McNeal* was wrongly decided as a matter of law because of the rationale espoused in *Dewsnup*.

When Suncoast filed its Request for Certification, it was unclear when, if ever, the *McNeal* appellate proceeding would be finally resolved. This uncertainty arose because the appellee, GMAC Mortgage, LLC ("GMAC"), had filed a Chapter 11 bankruptcy petition prior to filing its petition for rehearing en banc.[9] On February 22, 2013, the *McNeal* court entered an order staying the appellate proceedings because of the automatic stay imposed by GMAC's bankruptcy filing.[10] On April 2, 2013, the *McNeal* court denied a motion for reconsideration of its February 22, 2013 stay order.[11] In its April 2, 2013 order, the *McNeal* court "le[ft] it to the [GMAC] bankruptcy court to decide whether the automatic stay still reaches this appeal and whether relief from the stay should be granted for this appeal."[12] The appeal is further complicated because, as the *McNeal* court noted in its April 2, 2013 order, GMAC no longer owns or services the lien at issue in the appeal, and the court has questioned whether new parties should be substituted into the action for GMAC.[13]

**5.** 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

**6.** 862 F.2d 1537 (11th Cir.1989).

**7.** On June 1, 2012, the appellee filed a petition for rehearing en banc of the court's ruling allowing its wholly unsecured junior mortgage lien to be stripped in a Chapter 7 case. *See* Case No. 11–11352, pending in the United States Court of Appeals for the Eleventh Circuit.

**8.** According to the Eleventh Circuit's Local Rule 36–2, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." *See also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n. 7 (11th Cir.2007).

**9.** *See* Eleventh Cir. Case No. 11–11352 (June 1, 2012 Notice of Bankruptcy and Effect of Automatic Stay) (referencing GMAC's May 14,

2012 filing of its Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York).

**10.** *See* Eleventh Cir. Case No. 11–11352 (February 22, 2013 order).

**11.** *See* Eleventh Cir. Case No. 11–11352 (April 2, 2013 order).

**12.** *Id.* at p. 3.

**13.** On November 29, 2011, the *McNeal* court denied the appellant's Motion for Substitution of Parties, which had sought to substitute the transferee and the new servicer of the wholly unsecured junior mortgage lien in the place of GMAC and the initial servicer. The court stated that "the appeal may continue in the name of the original parties." *See* Eleventh Cir. Case No. 11–11352 (November 29, 2011 order). But on September 11, 2012, the

On July 23, 2013, the *McNeal* appellant filed a second motion for reconsideration of the court's February 22, 2013 stay order, attaching a "Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a)" (the "Stipulation and Order"), which the GMAC bankruptcy court had entered earlier that same day.[14] In the Stipulation and Order, the GMAC bankruptcy court ruled that the automatic stay was modified for the purpose of allowing the *McNeal* appeal "to continue to a final resolution, including, but not limited to, publication of the Eleventh Circuit Order, substitution of any parties, and the resolution of any motions or pleadings pending before the Circuit Court." [15]

■ When a party files a request for certification of direct appeal in the bankruptcy court, the certification is mandatory if the bankruptcy court finds that one of the circumstances set forth in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists.[16] The circumstances specified by the statute are:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

■ Although the *McNeal* court has not yet ruled upon the July 23, 2013 motion for reconsideration, given that the automatic stay is no longer an impediment to the Eleventh Circuit's consideration of the various matters pending on appeal, this Court finds that the circumstances specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) are not applicable. The issue of law raised in Suncoast's appeal will likely be resolved by the Eleventh Circuit in the *McNeal* appeal. Accordingly, it is

ORDERED that Suncoast's Request for Certification is DENIED.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on *August 2, 2013*.

### Exhibit A

### U.S.C.A. No. 11–11352–CC

### IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

D.C. Docket Nos. 1:10–cv–01612–TCB; 09–BKC–78173–PWB

In the Matter of: LORRAINE MCNEAL, Appellant,

v.

---

*McNeal* court entered an order to show cause as to why it should not reconsider *sua sponte* its November 29, 2011 denial of the substitution motion. *See* Eleventh Cir. Case No. 11–11352 (September 11, 2012 order). Counsel for the appellant responded to the order to show cause, but the court never resolved the substitution issue. Instead, on February 22, 2013, the court stated in its stay order that it would not rule on motions or substitutions of parties while the stay exists. *See* Eleventh Cir. Case No. 11–11352 (February 22, 2013 order). Thus, it appears that the court's potential reconsideration of whether the new

parties should be substituted into the appellate proceeding remains outstanding.

14. *See* Eleventh Cir. Case No. 11–11352 (July 23, 2013 motion for reconsideration of a panel order entered on February 22, 2013). A copy of the motion for reconsideration, together with its attached Stipulation and Order from the GMAC bankruptcy court, is attached hereto as Exhibit "A."

15. *See* Exhibit "A," p. 7, para. 1.

16. 28 U.S.C. § 158(d)(2)(B).

GMAC MORTGAGE, LLC, and HOME-COMINGS FINANCIAL, LLC, Appellees.

Appeal from the District Court for the Northern District of Georgia, Atlanta Division

*MOTION FOR RECONSIDERATION*

COMES NOW Appellant and through counsel files this "Motion for Reconsideration," showing to this Honorable Court the following:

1.

On February 22, 2013, and in light of Appellees' pending chapter 11 case (# 12–12020 *et seq.*), this Court entered its Order confirming that, "pursuant to 11 U.S.C. § 362, all proceedings in this appeal are stayed." The Court further directed the parties "to inform the Court when the bankruptcy court either grants relief from the automatic stay under § 362(d) or when the automatic stay expires."

2.

On July 23, 2013, the United States Bankruptcy Court for the Southern District of New York entered its "Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a)" (the "Stipulation and Order"). A copy is attached.

3.

In pertinent part, the Stipulation and Order provides, "Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by [§ ] 362(a) of the Bankruptcy Code shall, to the extent applicable, be modified solely for the limited purpose of allowing the Appellate Proceeding to continue to final resolution, including, but not limited to, publication of the Eleventh Circuit Order, substitution of any parties, and the resolution of any motions or pleadings pending before the Circuit Court."

4.

For purposes of the Stipulation and Order, the term "Appellate Proceeding" is defined as *Lorraine McNeal v. GMAC Mortgage, LLC, and Homecomings Financial LLC,* Case No. 11–11352.

WHEREFORE, Appellant prays for an order determining that this appeal no longer is stayed and allowing it to move forward to its conclusion.

Respectfully submitted,

/s/ _____

Richard H. Thomson

GA Bar # 710264

Attorney for Appellant

Clark & Washington, LLC

3300 Northeast Expressway

Building 3

Atlanta GA 30341

Phone: 404–522–2222

Fax: 770–220–0685

E-mail: *rthomson@cwl3.com*

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re: RESIDENTIAL CAPITAL, LLC, *et al.,* Debtors.

Chapter 11

Case No. 12–12020(MG)

Jointly Administered

STIPULATION AND ORDER PURSU-ANT TO 11 U.S.C. § 362(d) *MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)*

This Stipulation and Order (the *"Stipulation and Order"*) is made and entered into by, between and among GMAC Mortgage, LLC (*"GMAC Mortgage"*) and Homecomings Financial, LLC ("Homecomings" and, together with GMAC Mortgage, the *"Debtor Defendants"*), on the one hand, and Lorraine McNeal ("McNeal"), and, together with the Debtor Defendants, the *"Parties"* and each, a *"Party"*, on the other hand, by their respective undersigned counsel.

**WHEREAS:**

A. On May 14, 2012 (the *"Petition Date"*), each of the debtors in the above-captioned chapter 11 cases (collectively, the *"Debtors"*), including GMAC Mortgage, filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*).

B. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Ex-* penses [Docket No. 774] (the *"Final Supplemental Order"*),

D. On July 17, 2009, McNeal filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the *"Georgia Bankruptcy Court"*), which was assigned Case No. 09–87173 (the *"Chapter 7 Case"*).

E. On August 11, 2009, McNeal filed a motion in the Chapter 7 Case seeking to void a second priority lien on her residence held by GMAC Mortgage in its capacity as servicer for a junior mortgage loan on the property (the *"Second Priority Loan"*) pursuant to sections 506(a) and 506(d) of the Bankruptcy Code (the *"Section 506 Motion"*).

F. On April 12, 2010, the Georgia Bankruptcy Court entered an order denying the Section 506 Motion (the *"Section 506 Order"*).

G. On March 15, 2011, the United States District Court for the Northern District of Georgia entered an order affirming the Section 506 Order.

H. McNeal appealed the Section 506 Order to the United States Court of Appeals for the Eleventh Circuit (the *"Circuit Court"*), captioned in *Lorraine McNeal v. GMAC Mortgage, LLC, and Homecomings Financial, LLC,* Case No. 11–11352 (the *"Appellate Proceeding"*).

I. On or about August 8, 2011, McNeal was notified that the servicing for the Second Priority Loan was transferred from GMAC Mortgage to BSI Financial Services, Inc.

J. On May 5, 2012, the Circuit Court entered an unpublished decision in the Appellate Proceeding reversing Section 506 Order and remanding to the Georgia Bankruptcy Court for additional proceedings consistent with its decision (the *"Eleventh Circuit Order"*).

K. On January 28, 2013, the Chapter 7 Case was closed.

L. On January 30, 2013, McNeal filed a motion in the Circuit Court requesting that the Eleventh Circuit Order be published (the *"Motion for Publication"*).

M. On February 22, 2013, the Circuit Court denied the Motion for Publication on the basis that the Appellate Proceeding was stayed pursuant to section 362(a) of the Bankruptcy Code as a result of the Debtors' pending Chapter 11 cases.

N. On February 27, 2013, McNeal filed a request for reconsideration of the Motion for Publication in the Circuit Court.

O. On April 2, 2013, the Circuit Court denied the request for reconsideration pending a determination by this Court whether the automatic stay applied to the Appellate Proceeding and, if so, whether relief from the stay should be granted to allow the Appellate Proceeding to continue.

P. On June 18, 2013, McNeal filed the *Motion for Clarification of Final Supplemental Order Entered July 13, 2012 or, in the Alternative, Relief from the Automatic Stay,* filed on June 18, 2013 [Docket No. 3995] (the *"Motion"*).

Q. Through the Motion, McNeal seeks clarification that the Final Supplemental Order permits the continuation of the Appellate Proceeding, or, alternatively, an order granting McNeal relief from the automatic stay to authorize and permit the publication of the Eleventh Circuit Order.

R. The Debtor Defendants have conferred with McNeal and have agreed to a limited modification of the automatic stay pursuant to the terms and subject to the conditions set forth in this stipulation and order (the *"Stipulation and Order"*).

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, as follows:

**AGREEMENT:**

1. Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall, to the extent applicable, be modified solely for the limited purpose of allowing the Appellate Proceeding to continue to a final resolution, including, but not limited to, publication of the Eleventh Circuit Order, substitution of any parties, and the resolution of any motions or pleadings pending before the Circuit Court.

2. Upon entry of this Stipulation and Order by the Court, McNeal shall be deemed to have withdrawn the Motion.

3. This Stipulation and Order shall not become effective unless and until it is entered by the Bankruptcy Court.

4. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court.

5. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

6. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. The 14–day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

GMAC MORTGAGE, LLC and HOMECOMINGS FINANCIAL, LLC

By: /s/ Norman S. Rosenbaum
Norman S. Rosenbaum

Erica J. Richards

**Morrison & Foerster LLP**

1290 Avenue of the Americas

New York, New York 10104

Telephone: (212) 468-8000

Facsimile: (212) 468-7900

*Counsel for Debtors and Debtors in Possession*

LORRAINE MCNEAL

By: /s/ Kathleen G. Cully
Kathleen G. Cully

**Kathleen G. Cully PLLC**

180 Cabrini Boulevard, #128

New York, New York 10033-1167

Telephone: (212) 447-9882

Facsimile: (800) 979-0423

*Counsel for Lorraine McNeal*

**IT IS SO ORDERED.**

Dated: July 23,20 13

New York, New York

/s/ **Martin Glenn**
MARTIN GLENN

United States Bankruptcy Judge