[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12486
Non-Argument Calendar
_____

D.C. Docket No. No. 2:14-cv-00079-RWS,
Bkcy No. 13-bkc-23101-REB

In Re: AMANDA LAURA VANDER IEST,

Debtor.

_____

BANK OF AMERICA, NA,

Plaintiff-Appellant,

versus

AMANDA LAURA VANDER IEST,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 30, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bank of America, NA, appeals a judgment in favor of Amanda Laura Vander Iest in her bankruptcy proceeding. The district court affirmed summarily the ruling of the bankruptcy court that a second priority lien held by Bank of America, which is subordinate to a first priority lien that exceeds the fair market value of Vander Iest's real property, is a wholly unsecured claim that Vander Iest can "strip off" in her voluntary petition for bankruptcy under Chapter 7. *See* 11 U.S.C. § 506(d); *Folendore v. United States Small Bus. Admin.*, 862 F.2d 1537, 1538–39 (11th Cir. 1989). We affirm.

Bank of America challenges the judgment on a ground that it admits is foreclosed by precedent.  Bank of America argues that our holding in *Folendore* that a debtor can "strip off" a wholly unsecured second priority lien was "squarely repudiated" by the Supreme Court in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773 (1992), but we held in *In re McNeal*, 735 F.3d 1263 (11th Cir. 2012), that *Dewsnup* did not overrule or abrogate our holding in *Folendore*. *Id.* at 1265–66. "Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong." *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

**AFFIRMED**.

2