[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12444
Non-Argument Calendar

_____

D.C. Docket Nos. 5:14-cv-00212-TJC; 6:13-bk-10595-KSJ

In Re: VINCENT N. FARMER,

Debtor.

_____

BANK OF AMERICA, N.A.,

Plaintiff-Appellant,

versus

VINCENT N. FARMER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 20, 2014)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bank of America, N.A. (BOA) appeals the district court's final order and judgment affirming the bankruptcy court's order granting debtor Vincent N. Farmer's motion to avoid BOA's second mortgage lien in his Chapter 7 bankruptcy.  Farmer has two mortgage liens on his house: the first has an outstanding balance that exceeds the current value of the home, the second being junior to the first.  The second lien, held by BOA and at issue in this case, is considered to be wholly "underwater" because the value of Farmer's house does not fully offset the first lien and will thus not reach the second lien.  Farmer sought to have BOA's second lien voided under § 506(d) of the Bankruptcy Code, see 11 U.S.C. § 506(d), because this Court's precedent holds that § 506(d) authorizes a Chapter 7 debtor to "strip off," i.e. remove in its entirety, a wholly underwater junior lien.  See McNeal v. GMAC Mortg., LLC, 735 F.3d 1263, 1264–66 (11th Cir. 2012) (per curiam); Folendore v. SBA, 862 F.2d 1537, 1539 (11th Cir. 1989).  The bankruptcy court granted Farmer's motion to strip off the junior lien, with BOA reserving its right to seek appellate review of the decision.  The district court granted BOA's motion for summary affirmance, noting BOA's preserved right to appeal, and BOA filed its appeal to this Court.[1]

---

[1] Farmer filed no answer brief in this appeal.

2

BOA argues that the Supreme Court's opinion in <u>Dewsnup v. Timm</u>, 502 U.S. 410 (1992), rejected our circuit's interpretation of § 506(d) set forth in <u>Folendore</u>, and that we should re-evaluate its holding.  Yet, in <u>McNeal</u> we held that <u>Dewsnup</u> has no application to <u>Folendore</u> because <u>Dewsnup</u> only prohibited the "strip down" of partially secured mortgages.  <u>McNeal</u>, 735 F.3d at 1265–66. Unlike in <u>Dewsnup</u>, the junior liens at issue in <u>Folendore</u> and <u>McNeal</u>—and also in this case—were <u>wholly</u> unsecured and subject instead to a "strip off."  Thus, <u>Dewsnup</u> did not abrogate <u>Folendore</u> and we remain bound to follow our prior precedent.  <u>See</u> <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008).

**AFFIRMED**.