[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 14-13556
Non-Argument Calendar
————————————————

D.C. Docket Nos. 5:14-cv-00343-TJC; 6:13-bk-14410-KSJ


In Re: CELIA ELLA CORRAD,

Debtor.
————————————————————————————————————————

 BANK OF AMERICA, N.A.,

Plaintiff-Appellant,

versus

CELIA ELLA CORRAD,

Defendants-Appellee.


————————————————

Appeal from the United States District Court
for the Middle District of Florida
————————————————

(November 26, 2014)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

This appeal concerns an order of the bankruptcy court permitting a debtor to "strip off" an "underwater" second mortgage under § 506(d) of the Bankruptcy Code.

## I.    BACKGROUND

Appellee Celia E. Corrad is a Chapter 7 debtor.  She owns real property in Yalaha, Florida that is encumbered by two mortgages.  The balance of the first lien exceeds the fair market value of the property, rendering the second lien, which appellant Bank of America, N.A. holds, completely "underwater."

On November 26, 2013, Corrad moved the bankruptcy court to declare Bank of America's interest in her property to be unsecured and void under § 506(d) of the Bankruptcy Code.  11 U.S.C. § 506(d).  Relying on *In re McNeal*, 735 F.3d 1263 (11th Cir. 2012), the bankruptcy court granted Corrad's motion on May 12, 2014.  Bank of America appealed that order to the district court, where it moved for a summary affirmance.  The district court granted Bank of America's motion on July 21, 2014, and this appeal followed.

## II.    STANDARD OF REVIEW

When the district court affirms an order of the bankruptcy court, we review the bankruptcy court's decision independently of the district court.  *In re TOUSA,*

2

*Inc.*, 680 F.3d 1298, 1310 (11th Cir. 2012).  We review *de novo* the bankruptcy

court's legal conclusions.  *Id*.

## III.   ANALYSIS

Section 506(d) of the Bankruptcy Code provides, in pertinent part, that "[t]o

the extent that a lien secures a claim against the debtor that is not an allowed

secured claim, such lien is void."  11 U.S.C. § 506(d).  In *Folendore v. United*

*States Small Business Administration*, we interpreted the above statutory language

to hold that even an allowed claim can be deemed voidable if it is wholly

unsecured.  862 F.2d 1537, 1538-40 (11th Cir. 1989).  Thus, under *Folendore*, a

debtor can move a bankruptcy court to strip off an underwater lien.  *Id.*

Three years after the *Folendore* decision, the Supreme Court issued its

opinion in *Dewsnup v. Timm*, 502 U.S. 410 (1992), which Bank of America argues

"squarely repudiated *Folendore's* interpretation of section 506(d)."  Bank of

America claims that "*Folendore* [] could not have survived *Dewsnup*."

Unfortunately for Bank of America, we considered and rejected this same

argument in our 2012 *McNeal* decision.  735 F.3d at 1265-66.  There, although we

acknowledged *Dewsnup's* seeming disavowal of *Folendore's* "plain language

analysis" of § 506(d), we declined to deviate from that opinion because *Dewsnup*

was "not 'clearly on point,'" as it "disallowed only a 'strip down' of a partially

3

secured mortgage lien and did not address a 'strip off' of a wholly unsecured lien." *Id.* at 1265. Consequently, *McNeal* held that *Folendore* remained the controlling precedent within this Circuit. *Id.*

Under our prior precedent rule, we are bound by this Court's prior decisions "unless and until [they are] overruled by this court en banc or by the Supreme Court." *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). Bank of America argues that *Folendore* was wrongly decided, but concedes that it and *McNeal* remain binding precedent and control this case. Accordingly, the bankruptcy court did not err by permitting Corrad to strip off Bank of America's underwater lien, and the decision of the district court is therefore affirmed.

**AFFIRMED.**