[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11352
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

D. C. Docket Nos. 1:10-cv-01612-TCB; 09-BKC-78173-PWB


In Re:

      LORRAINE MCNEAL,

                                                  Debtor.

--------------------------------------------------------------------------------------------------


LORRAINE MCNEAL,

                                           Plaintiff-Appellant,

    versus

GMAC MORTGAGE, LLC,
HOMECOMINGS FINANCIAL, LLC,
a GMAC company,

                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 11, 2012)


Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.


PER CURIAM:

Lorraine McNeal appeals the district court's affirmance of the bankruptcy court's denial of McNeal's "Motion to Determine the Secured Status of Claim." In her motion, McNeal sought to "strip off"[1] a second priority lien on her home, pursuant to 11 U.S.C. § 506(a) and (d). Reversible error has been shown; we reverse and remand for additional proceedings.

McNeal filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. In her petition, McNeal reported that her home was subject to two mortgage liens: a first priority lien in the amount of $176,413 held by HSBC and a second priority lien in the amount of $44,444 held by Homecomings Financial, LLC, a subsidiary of GMAC Mortgage, LLC (collectively, "GMAC").

_____

[1]In bankruptcy terms, a "strip down" of an undersecured lien reduces the lien to the value of the collateral to which it attaches and a "strip off" removes a wholly unsecured lien in its entirety.

2

McNeal also reported that her home's fair market value was $141,416. The parties do not dispute these factual allegations.

McNeal then sought to "strip off" GMAC's second priority lien, pursuant to sections 506(a) and 506(d). McNeal contended that, because the senior lien exceeded the home's fair market value, GMAC's junior lien was wholly unsecured and, thus, void under section 506(d). The bankruptcy court denied the motion, concluding that section 506(d) did not permit a Chapter 7 debtor to "strip off" a wholly unsecured lien. The district court affirmed.

When the district court affirms the bankruptcy court's order, we review only the bankruptcy court's decision on appeal. Educ. Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir. 2007). And we review the bankruptcy court's legal conclusions de novo. Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

That GMAC's junior lien is both "allowed" under 11 U.S.C. § 502 and wholly unsecured pursuant to section 506(a) is undisputed.[2] To determine whether

_____

[2]11 U.S.C. § 506(a) provides in pertinent part:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

such an allowed -- but wholly unsecured -- claim is voidable, we must then look to section 506(d), which provides that "[t]o the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void." See 11 U.S.C. § 506(d).

Several courts have determined that the United States Supreme Court's decision in Dewsnup v. Timm, 112 S. Ct. 773 (1992) -- which concluded that a Chapter 7 debtor could not "strip down" a partially secured lien under section 506(d) -- also precludes a Chapter 7 debtor from "stripping off" a wholly unsecured junior lien such as the lien at issue in this appeal. See, e.g., Ryan v. Homecomings Fin. Network, 253 F.3d 778 (4th Cir. 2001); Talbert v. City Mortg. Serv., 344 F.3d 555 (6th Cir. 2003); Laskin v. First Nat'l Bank of Keystone, 222 B.R. 872 (B.A.P. 9th Cir. 1998). But the present controlling precedent in the Eleventh Circuit remains our decision in Folendore v. United States Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989). In Folendore, we concluded that an allowed claim that was wholly unsecured -- just as GMAC's claim is here -- was voidable under the plain language of section 506(d).[3] 862 F.2d at 1538-39.

---

[3]Although Folendore addressed the 1978 version of the Bankruptcy Code, the 1984 amendments to the Code did not alter the pertinent language in section 506(a) or (d).

4

A few bankruptcy court decisions within our circuit -- including the decision underlying this appeal -- have treated Folendore as abrogated by Dewsnup. See, e.g., In re McNeal, No. A09-78173, 2010 Bankr. LEXIS 1350, at *9-12 (Bankr. N.D. Ga. Apr. 9, 2010); In re Swafford, 160 B.R. 246, 249 (Bankr. N.D. Ga. 1993); In re Windham, 136 B.R. 878, 882 n.6 (Bankr. M.D. Fla. 1992). But Folendore -- not Dewsnup -- controls in this case.

"Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'" Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007). Because Dewsnup disallowed only a "strip down" of a partially secured mortgage lien and did not address a "strip off" of a wholly unsecured lien, it is not "clearly on point" with the facts in Folendore or with the facts at issue in this appeal.

Although the Supreme Court's reasoning in Dewsnup seems to reject the plain language analysis that we used in Folendore, "'[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding.'" Atl. Sounding Co., Inc., 496 F.3d at 1284 (citing Crawford-El v. Britton, 118 S. Ct. 1584, 1590 (1998)). "[T]hat the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel

5

to depart from our prior decision." Id. "As we have stated, '[o]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing." Id. In fact, the Supreme Court -- noting the ambiguities in the bankruptcy code and the "the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations" -- limited its Dewsnup decision expressly to the precise issue raised by the facts of the case. 112 S. Ct. at 778.

Because -- under Folendore -- GMAC's lien is voidable under section 506(d), we reverse and remand for additional proceedings consistent with this decision.

REVERSED AND REMANDED.