In re Kevin Patrick **CAMPBELL** and **Angelica Joanna Campbell, Debtors.**

**Kevin Patrick Campbell and Angelica Joanna Campbell, Movants,**

v.

**Marshall & Ilsley Bank a/k/a BMO Harris Bank, Respondent.**

No. G12–23808–REB.

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

May 23, 2013.

Howard P. Slomka, Slomka Law Firm, Atlanta, GA, for Debtors.

### ORDER ON MOTION TO DETER-MINE SECURED STATUS OF CLAIM

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of Debtor–Movants named above, as filed on December 31, 2012 (Docket Entry No. 17), to determine secured status of the claim of Respondent Marshall & Ilsley Bank a/k/a BMO Harris Bank, which came on for hearing as rescheduled on April 24, 2013. In the motion, which is unopposed, Debtors seek a determination that Respondent is deemed to hold a wholly unsecured claim and its lien interest should be declared void herein pursuant to 11 U.S.C. § 506(d) as supported by recent case authority in this circuit. *See McNeal v. GMAC Mortgage LLC (In re McNeal,* 477 Fed.Appx. 562 (11th Cir.2012) (unpublished *per curiam* decision). The claim at issue is secured by a second-priority mortgage lien on certain real property of the Debtors located at 206 Bo Simpson Parkway, McDonough, Georgia. Debtors seek relief in view of the fact that the fair market value of the underlying rental property is less than the amount of a first-priority mortgage lien held by another lender on the same property.

Also before the Court is a prior, separate motion filed by Debtors to determine secured status of the claim of Citimortgage, Inc. (Docket Entry No. 16) that sets forth a similar fact pattern though regarding a different holder of a second-priority mortgage lien on a different parcel of real property owned by Debtors located at 4425 Green Summers Drive, Cumming, Georgia that serves as their residence. In sum, Debtors have second-priority mortgage liens on both certain rental property they own as well as their residence. Both motions were heard on April 24, 2013, and at the hearing the Court raised an inquiry concerning whether Debtors were entitled to an order voiding two different second-priority liens secured by two different properties, one of which is not their home, or whether relief under Section 506(d) and *McNeal, supra,* Was properly and solely restricted to the second-priority lien on the real property that serves as their residence. Debtors filed their brief in support on May 2, 2013 (Docket Entry No. 20). Upon review of the argument presented and applicable legal authority, the Court finds and concludes that both liens may be voided consistent with the above-referenced authority, and that the relief requested in each motion will be granted.[1]

This issue arises following the recent unpublished decision of the Eleventh United States Circuit Court of Appeals in *McNeal, supra,* where the court allowed a Chapter 7 debtor to "strip" off a wholly unsecured lien on his home, relying on the court's prior ruling in *Folendore v. U.S. Small Business Administration,* 862 F.2d 1537 (11th Cir.1989). As a matter of statutory interpretation, this Court observes that the ability of a debtor in a Chapter 7 case to use Section 506(d) in this fashion is not a question of first impression, as the United States Supreme Court addressed this situation in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In that decision, the Supreme Court held that as it construed Section 506(d), this subsection did not provide au-

---

1. This Order addresses the legal issue arising in connection with the propriety of granting relief on two motions to determine secured status of claim in a single case relating to different property. As stated herein, the motions will be granted and counsel is directed to present a separate proposed order on each motion for consideration by the Court.

thority for a Chapter 7 debtor to "strip down" a lien based on the current fair market value of the subject real property to the remaining available equity, when the associated claim of the creditor was both allowed and "secured by a lien with recourse to the underlying collateral," 502 U.S. at 415–17, 112 S.Ct. 773.[2]

In *McNeal,* the Eleventh Circuit relied on *Folendore,* as opposed to *Dewsnup,* as offering the "controlling precedent" on the issue of whether a *wholly unsecured* claim could be voided under Section 506(d). 477 Fed.Appx. at 564. The circuit found determinative the factual difference between a "strip down" as presented in *Dewsnup,* where the amount of the secured debt is reduced to the value of the collateral, and a "strip off" as presented in *Folendore,* where the lien securing a claim that is completely unsecured is voided in its entirety. Based on this distinction, the court concluded in *McNeal* that it was bound by the ruling in *Folendore* (862 F.2d at 1538–39), which preceded *Dewsnup,* and held that a lien *may* be avoided using Section 506(d) even if the claim is not disallowed. *Id.*

This Court shares the reservations expressed by its sister bankruptcy court in the case of *Malone v. Citibank NA as Trustee of SACO 1 Trust 2006–7 (In re Malone),* 489 B.R. 275 (Bankr.N.D.Ga. 2013) (Diehl, B. J.), with respect to the relative weight given to this distinction by the circuit court in construing Section 506(d) under *Folendore* in view of the intervening Supreme Court holding in *Dewsnup, supra.* This Court also agrees with the conclusion in *Malone,* however, that application of the prior panel prece-

dent rule by the Eleventh Circuit in *McNeal* with respect to *Folendore* is to be accorded deference herein in terms of its conclusion regarding application of Section 506(d).

Given the Eleventh Circuit's recent conclusion concerning the appropriate precedential breadth of *Dewsnup* in light of the precise facts confronted in *McNeal,* therefore, this Court turns to the issue presented in this contested matter regarding the scope of the ruling in *McNeal.* Simply stated, the question for decision herein is whether under the authority of *McNeal,* these Chapter 7 Debtors may use Section 506(d) to "strip off" not only a second-priority mortgage lien on their home, but also another second-priority lien encumbering other real property not used as the site of their residence, but held as rental property.

In their brief, Debtors argue for a full application of *Folendore* despite its blended reading of Section 506(a) and (d), which, as mentioned above, does not arguably seem to survive under the rationale and holding of *Dewsnup,* which parsed out the meaning of "allowed" and "secured" within the specific context of each respective subsection. *See Malone,* 489 B.R. at 282–83; *see also Wachovia Mortgage v. Smoot,* 478 B.R. 555, 565 (E.D.N.Y.2012). Reading *Folendore,* however, as extant authority, this Court can find no basis as set forth in the reasoning of that decision or in *McNeal* for limiting the holding in *Folendore* to real property of a Chapter 7 debtor used as her residence for purposes of voiding a lien under Section 506.

This Court initially approached *McNeal* as being narrowly confined to its facts

---

2. This provision states as follows:
   (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
   (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

   (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.
   11 U.S.C. § 506(d).

where the debtor's *home* served as collateral for the lien that debtor sought to have declared void.[3] Upon further review of the above statutory and case authority, however, the Court concludes that it is neither the use or character of the underlying real property (i.e. as a home or as a rental property) nor the nature of the lien (i.e. consensual or non-consensual) that is determinative in the lien-stripping inquiry. Moreover, the number of properties for which a debtor seeks to strip off a lien in a Chapter 7 case does not appear to be limited. Instead, as stated by the court in *McNeal,* the pivotal fact in terms of describing the operative binding effect of *Dewsnup* lies in whether or not the amount of the debt secured by a senior, first-priority mortgage lien exceeds the current fair market value of the property. If the amount of debt held by the first-priority mortgagee exceeds the value of the collateral, a Chapter 7 debtor *may* have the "wholly unsecured" junior, second-priority lien *stripped off* as there is no value to which it can attach. *Accord Folendore,* 862 F.2d at 1538. If the senior debt does not exceed the fair market value, as in *Dewsnup,* then the "partially secured" junior mortgage lien of the second-priority mortgagee may *not* be *stripped down* to the remaining value of the collateral. 477 Fed.Appx. at 564.

Accordingly, based on the above discussion, it is

ORDERED that the motion of Debtor–Movants Kevin Patrick Campbell and Angelica Joanna Campbell to determine secured status of claim of Respondent Marshall & Ilsley Bank a/k/a BMO Harris Bank will be granted, as same is not pre-cluded as a matter of law as addressing rental property of these Debtors.[4]

Debtors' counsel is directed to present appropriate and separate proposed orders granting each motion referenced above consistent with the foregoing reasoning, finding that each Respondent's claim is determined to be unsecured and that its lien may be avoided, based on the representations in the motions and on the terms as stated at the hearing by the Court, which the Court will review for entry.

The Clerk is directed to serve a copy of this Order upon counsel for Debtors, Respondent named above at the addresses used in serving the motion, and the Chapter 7 Trustee.

**IT IS SO ORDERED.**

---

3. The Court believed such caution warranted in view of what appears to be intervening authority by the U.S. Supreme Court in *Dewsnup, supra,* and the apparent difficulty in reconciling the ruling in *McNeal, supra,* with same.

4. The Court's reasoning includes any real property owned by a debtor whether it is held as rental property or otherwise.