[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13688
Non-Argument Calendar
_____

D.C. Docket No. 12-61289


In Re: LYNETTE DAIS MALONE,

                                                                      Debtor.
_____

WILMINGTON TRUST, NATIONAL ASSOCIATION,

                                                      Plaintiff - Appellant,

versus

LYNETTE DAIS MALONE,

                                                      Defendant - Appellee.


_____

Appeal from the United States Bankruptcy Court
for the Northern District of Georgia
_____

(May 6, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Wilmington Trust appeals the bankruptcy court's order in a Chapter 7 bankruptcy proceeding that allowed Lynette Malone to "strip off" Wilmington Trust's second-priority lien. After review of the record and Wilmington Trust's brief, we affirm.[1]

Ms. Malone has two mortgage liens on her house. The first has an outstanding balance that exceeds the house's current value, while the second, at issue in this case and held by Wilmington Trust, is junior to the first lien. Wilmington Trust's lien is considered to be wholly "underwater" in that the debt secured by the first lien exceeds the current value of the house. Accordingly, Ms. Malone moved to have Wilmington Trust's junior lien extinguished under § 506(d) of the Bankruptcy Code. *See* 11 U.S.C. § 506(d). Notwithstanding certain stated reservations, the bankruptcy court granted Ms. Malone's motion, concluding that binding circuit precedent holds that § 506(d) authorizes a Chapter 7 debtor to "strip off," *i.e.* remove in its entirety, a junior lien where the amount of debt securing the senior lien exceeds the value of the house. *See McNeal v. GMAC Mortgage, LLC (In re McNeal),* 735 F.3d 1263, 1266 (11th Cir. 2012); *Folendore v. SBA (In re Folendore)*, 862 F.2d 1537, 1539 (11th Cir. 1989). The bankruptcy court granted

---

[1] Ms. Malone filed no answer brief in this appeal.

the parties' joint motion to certify its order for direct appeal under 28 U.S.C. § 158(d)(2)(A) and Federal Rule of Bankruptcy Procedure 8001(f).

Wilmington Trust argues that the Supreme Court's intervening opinion in *Dewsnup v. Timm*, 502 U.S. 410 (1992), abrogated our construction of § 506(d) as set forth in *Folendore,* and that we therefore should re-visit this issue.  As Wilmington Trust also acknowledges, however, we recently rejected that very argument in *McNeal*, concluding that *Dewsnup* was not clearly on point   because it disallowed only a "strip down" of a partially secured mortgage lien, rather than a "strip off" of a wholly unsecured mortgage lien, and thus did not abrogate *Folendore.  See McNeal*, 735 F.3d at 1265-66.

Because we are bound to follow our prior published decisions in *Folendore* and *McNeal*, we affirm the bankruptcy court's decision voiding Wilmington Trust's lien on Ms. Malone's house.[2]

**AFFIRMED.**

---

[2] By separate order, Wilmington Trust's petition for initial hearing en banc has been denied.  Wilmington Trust remains free, of course, to seek rehearing en banc of this panel's decision.