**IN RE: Richard J. GLADSTONE, Debtor.**

**Michael R. Bakst, as Trustee in Bankruptcy for Richard J. Gladstone, Plaintiff,**

**v.**

**Smokemist, Inc.; West Coast Investment Partners, LP, through its general partner The Richard J. Gladstone Living Revocable Trust, through its Trustee Richard J. Gladstone; The Richard J. Gladstone Revocable Trust through its Trustee Richard J. Gladstone; The Rio Trust, through its Trustee Jack Levine; Gladstone Group Investments, Inc.; and Galena Associates, Inc., Defendants.**

**Case No.: 10–32093–EPK**
**Adv. Proc. No.: 14–01343–EPK**

United States Bankruptcy Court, S.D. Florida.
**West Palm Beach Division**

Signed July 7, 2014

G. Steven Fender, Esq., West Palm Beach, FL, for Plaintiff.

Joel M. Aresty, Esq., Tierra Verde, FL, Leslie N. Reizes, Boynton Beach, FL, for Defendants.

**Chapter 7**

*ORDER DETERMINING THAT THIS PROCEEDING IS A CORE MATTER IN ITS ENTIRETY AND THAT THIS COURT MAY ENTER FINAL ORDERS AND JUDGMENTS*

Erik P. Kimball, Judge

This matter comes before the Court pursuant to 28 U.S.C. § 157(b)(3) and the *Defendants' Motion Requesting That This Court Determine Whether This Proceeding Is A Core Proceeding Or Otherwise Subject To The Entry Of Final Orders Or Judgments By This Court, And Objection To The Entry Of Final Orders Or Judgments By This Court* [ECF No. 53] filed by Smokemist, Inc., West Coast Investment Partners, LP, The Rio Trust, Gladstone Group Investments, Inc., and Galena Associates, Inc. (together, the "Movant Defendants").[1] For the reasons that follow, the Court determines that there is subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), all requests for relief in this adversary proceeding are core matters under 28 U.S.C. § 157(b), and this Court may enter finals orders and judgments in this adversary proceeding.

**BACKGROUND**

Michael R. Bakst, as trustee in the chapter 7 case of Richard J. Gladstone, is the plaintiff in this action. In the complaint [ECF No. 1], the plaintiff argues that the debtor Richard J. Gladstone (the "Debtor") "holds cash, property, investments, and other assets in a complex web of trusts, corporations, and limited liability companies" including the defendants. The plaintiff alleges that the Debtor's financial arrangements are "intended to obfuscate the source and disposition of funds" to make the Debtor "appear judgment proof and to defraud present and future creditors." The plaintiff alleges that the Debtor "completely controls and dominates" the defendants, that he "oversees all aspects of each one's assets and property, signs checks, pays personal expenses from their accounts, and treats all of their assets as his own." The plaintiff alleges "[t]here is a complete blurring of the entity form between [the defendants] and the Debtor." The plaintiff alleges that there is no proper purpose for the Debtor's financial ar-

---

1. Defendants The Richard J. Gladstone Living Revocable Trust and The Richard J. Gladstone Revocable Trust have not sought a ruling from the Court on the issues addressed here but are nonetheless subject to the findings of the Court contained in this order. *See* 28 U.S.C. § 157(b)(3) (bankruptcy court may make core determination *sua sponte*).

rangements and that the defendants themselves and all assets of the defendants should be recognized as property of the Debtor and thus property of the estate in this chapter 7 case.

The complaint states four counts for relief. Count I seeks a declaratory judgment that all of the defendants "are owned by the Debtor and/or are his alter ego, that they and their assets are accordingly property of the estate under 11 U.S.C. § 541." Count II seeks an order of turnover under 11 U.S.C. § 542 of those assets identified as property of the estate as a result of relief granted under Count I. Count III seeks an order substantively consolidating all of the defendants into the Debtor's bankruptcy estate, with their assets and liabilities to be administered in this chapter 7 case. Count IV seeks an accounting from each defendant.

## FEDERAL BANKRUPTCY JURISDICTION, DETERMINATION OF CORE MATTERS, AND LIMITATIONS UNDER ARTICLE III

Pursuant to Article I, Section 8 of the United States Constitution, Congress enacted 28 U.S.C. § 1334. Section 1334 is the sole source of subject matter jurisdiction in bankruptcy. Subsection (a) of that provision grants to the district courts "original and exclusive jurisdiction of all cases under title 11," and subsection (b) grants to the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) and (b).

A proceeding "arising under" title 11 is one based in a provision of the Bankruptcy Code itself. *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir.1999) (citation omitted). For example, an action to avoid and recover a preferential transfer under 11 U.S.C. §§ 547 and 550 is one

"arising under" title 11. A proceeding "arising in" a case under title 11 is a proceeding that, even if not specifically provided for in the Bankruptcy Code, can take place only in the context of a case under title 11. This includes various matters affecting administration of a bankruptcy estate. *Id.* (citations omitted). Proceedings arising under title 11 or arising in a title 11 case are to be contrasted with "related to" matters. A "related to" matter is one which does not find its source in the Bankruptcy Code, and could be pursued outside a title 11 case, but which nonetheless bears a connection with the title 11 case sufficient to bring it within federal bankruptcy jurisdiction. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (citation omitted).

All bankruptcy jurisdiction is initially lodged in the district courts. Under 28 U.S.C. § 157(a), each district court may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." Thus, the district court may refer to the bankruptcy court any and all matters covered by 28 U.S.C. § 1334. This has been accomplished in every district in the United States by standing orders of reference. On March 27, 2012, the district court for the Southern District of Florida issued a revised Order of Reference, Administrative Order 2012–25 (the "Standing Order"). The Standing Order refers to the bankruptcy court in this district any and all cases and proceedings covered by federal bankruptcy jurisdiction. The district court

may for cause shown withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court under the Standing Order. 28 U.S.C. § 157(d).

Not all matters referred to the bankruptcy court are subject to entry of final orders or judgments in the bankruptcy court. Congress decreed that "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" referred to the bankruptcy court are subject to entry of final orders and judgments in the bankruptcy court. 28 U.S.C. § 157(b)(1). Thus, once referred to the bankruptcy court, the bankruptcy court has the statutory power (and in most cases the duty) to enter final orders and judgments in cases under title 11 and in "core" matters "arising under" or "arising in" cases under title 11. With regard to non-core proceedings, the bankruptcy court may hear such proceedings but, absent consent of the parties, must then submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c).[2] If the parties consent in a non-core proceeding, the bankruptcy court may enter a final order or judgment. 28 U.S.C. § 157(c)(2).

■■■ Thus, absent consent of the parties, the statutory power of the bankruptcy court to enter final orders and judgments depends on whether the matter before the court is core or non-core. 28 U.S.C. § 157(b)(2) sets out a non-exclusive list of matters defined as core proceedings. In this provision, Congress exhibited its intent to provide to the bankruptcy court the broadest power to enter final orders and judgments that is consistent with the requirements of the Constitution. *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir.2012), *aff'd*, —— U.S. ——, 134 S.Ct. 2165, 189 L.Ed.2d 83 (2014).

■■■ The bankruptcy court is not a tribunal provided for in Article III of the Constitution. As such, there are limits on the power of Congress to direct what matters may be subject to final orders and judgments in the bankruptcy court. *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 2608–20, 180 L.Ed.2d 475 (2011). The proceedings described as core in 28 U.S.C. § 157(b) could include matters in which the bankruptcy court may not enter final orders or judgments consistent with the limits of Article III, absent consent of the parties. *Id.* Thus, to determine whether a particular proceeding may be subject to entry of a final order or judgment in the bankruptcy court, it is necessary to determine whether the proceeding is a core proceeding within the meaning of section 157(b), and also whether entry of such final order or judgment would exceed the limits imposed by Article III of the Constitution. *Id.*

**2.** It does not appear that the district court may refer to the bankruptcy court a core matter that is subject to entry of final orders or judgments in the bankruptcy court consistent with Article III of the Constitution, but nevertheless direct that the bankruptcy court issue proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1) provides for the bankruptcy court to issue proposed findings and conclusions only in non-core matters. This provision may be extended to matters labeled as core in the statute but that are not subject to final orders or judgments in the bankruptcy court consistent with the requirements of Article III (see below). However, 28 U.S.C. § 157(b)(1) provides that the bankruptcy court is to enter final orders and judgments in core matters referred to it (to the extent permitted by the Constitution), and section 157(c)(1) explicitly does not apply in such circumstances. And so there is no statutory basis for the district court to direct the bankruptcy court to file proposed findings of fact and conclusions of law in truly core matters.

■ Orders and judgments of the bankruptcy court entered in core matters and in non-core matters with the consent of the parties are subject to appeal to the district court under 28 U.S.C. § 158. Proposed findings of fact and conclusions of law submitted by the bankruptcy court, in non-core matters and in matters where Article III requires final orders to be entered by the district court, are subject to *de novo* review by the district court. 28 U.S.C. § 157(c)(1).[3] These are submitted to the district court pursuant to Fed. R. Bankr.P. 9033 and are subject to objections of the parties under that rule. The primary difference between a final order or judgment of the bankruptcy court and proposed findings of fact and conclusions of law is that the former has immediate legal impact but the latter does not. Absent entry of a stay pending appeal or similar relief, a final order or judgment of the bankruptcy court, whether entered in a core matter or in a non-core matter based on consent of the parties, is subject to execution or other enforcement without input from any other court. On the other hand, proposed findings of fact and conclusions of law issued by the bankruptcy court become enforceable if and only if, and only to the extent that, the district court enters an order approving or adopting them.

After the Supreme Court issued its opinion in *Stern v. Marshall,* some courts expressed concern as to how the bankruptcy court should address a proceeding that is statutorily defined as core but that involves a matter in which the bankruptcy court may not enter a final order, absent consent of the parties, as such order would exceed the bankruptcy court's constitutional power. 28 U.S.C. § 157(c)(1) and the related Fed. R. Bankr.P. 9033 deal only with non-core matters, not matters specifically defined by Congress as core. And so the question arose whether the bankruptcy court was powerless to issue proposed findings of fact and conclusions of law in proceedings that while labeled core are nonetheless beyond the ability of the bankruptcy court to enter final orders. The Supreme Court recently determined that the bankruptcy court may submit proposed findings of fact and conclusions of law in such cases. *Exec. Benefits Ins. Agency v. Arkison,* —— U.S. ——, 134 S.Ct. 2165, 189 L.Ed.2d 83 (2014).[4]

■ The parties to a proceeding before the bankruptcy court that is non-core or that is core but nevertheless not subject to final order in the bankruptcy court, may consent to the bankruptcy court entering a final order or judgment. 28 U.S.C. § 157(c)(2). A party may consent to entry of a final order or judgment in the bankruptcy court by failing to object in a timely manner. *In re Bellingham Ins. Agency, Inc.,* 702 F.3d at 566–70.

---

**3.** *De novo* review applies only to "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). If no specific objections are timely lodged, the bankruptcy court's proposed findings and conclusions may be adopted by the district court without further review.

**4.** The district court's Standing Order is consistent. It provides, in pertinent part:
  If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court made in compliance with Fed.R.Civ.P. 52(a)(1) in the form of findings of fact and conclusions of law stated on the record or in an opinion or memorandum of decision.

Similarly, if a party to a proceeding before the bankruptcy court has a right to trial by jury under applicable law, the bankruptcy court may conduct a jury trial only with the consent of all parties. 28 U.S.C. § 157(e).[5]

■ Whether a particular proceeding is core or non-core—whether the bankruptcy court may enter a final order or judgment therein—has no impact on whether there is federal bankruptcy jurisdiction over the proceeding. The question of whether there is subject matter jurisdiction over an action pursued in connection with a title 11 case, and the question of which court may enter a binding order, are separate inquiries. The bankruptcy court may have subject matter jurisdiction over a proceeding under 28 U.S.C. § 1334, yet not have the statutory or constitutional power to enter a final order or judgment. In such a case, the district court may enter the binding order or judgment.

In each matter before a bankruptcy court, there are three questions that must be addressed. Is there subject matter jurisdiction under 28 U.S.C. § 1334(b)? If so, is the matter core or non-core under 28 U.S.C. § 157(b)? Lastly, if the matter is statutorily core, can the bankruptcy court enter final orders and judgments consistent with the limitations of Article III of the Constitution?

## ANALYSIS

The Court has subject matter jurisdiction over all aspects of the present complaint under 28 U.S.C. § 1334(b).

■ Count I seeks a declaratory judgment that all of the defendants "are owned by the Debtor and/or are his alter ego, that they and their assets are accordingly property of the estate under 11 U.S.C. § 541." The plaintiff seeks an order determining what is property of the estate and thus subject to administration in the Debtor's chapter 7 case. The determination of property of the estate is a matter that can only arise in a title 11 case, and so it is a proceeding "arising in" a case under title 11. It is also a proceeding "arising under" title 11 as the Court is asked to determine the scope of 11 U.S.C. § 541. That the determination of what is and is not included in property of the estate requires the Court to consider state law, here under a theory of *alter ego*, does not cause the inquiry to lose its nature as one arising only in a case under title 11 and arising under title 11.[6] As the Supreme Court has recognized, this Court routinely considers state law issues in ruling on property rights in bankruptcy. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Here, it is the nature of the allegations in the complaint that bring the matter within the ambit of 11 U.S.C. § 541. The Court is

**5.** Section 157(e) requires the "express consent" of all parties to the bankruptcy court conducting a jury trial. This is in contrast with section 157(c)(2), addressing non-core matters, which requires only "consent." As noted above, the parties may consent to the bankruptcy court entering final orders in non-core matters by failing to object in a timely manner. It is unclear whether the same analysis applies in the context of consent to a jury trial before the bankruptcy court under section 157(e). To avoid questions on this issue, this Court typically requires that each party expressly consent in writing or on the record

if they wish this Court to preside over a jury trial. In any case, jury trials before the bankruptcy court are rare in this district and elsewhere.

**6.** For purposes of the Court's analysis, the Court assumes that the allegations in each count of the complaint state valid claims under relevant law and that the plaintiff has standing to pursue the claims. It is not necessary for the Court to address such questions at this stage of the litigation.

asked to rule that property held in the name of the defendants is and always has been beneficially owned by the Debtor. Other cases may present requests for relief based in *alter ego* that are more akin to pursuit of a claim owned by the estate for the purpose of augmenting the estate. In such a case, there is "related to" jurisdiction rather than "arising in" or "arising under" jurisdiction. For example, where a trustee prosecutes the estate's *alter ego* claim based on alleged fraud, the goal is not the recognition of what is already part of the estate but a ruling that the assets of another should be held to satisfy the claims of creditors of the estate. *See Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 773 (7th Cir.2013), *cert. granted in part*, —— U.S. ——, 134 S.Ct. 2901, —— L.Ed.2d —— (2014). The Court looks beyond the label applied to the claim to its substance. Where the substance of the demand for relief requires the Court to recognize whether something is or is not property of a debtor to be administered as part of the estate, as it is here, the matter "arises in" a title 11 case and "arises under" title 11 within the meaning of 28 U.S.C. § 1334(b).

■ Count II seeks an order of turnover under 11 U.S.C. § 542, a cause of action specifically provided for in the Bankruptcy Code and thus a matter "arising under title 11."

■ Count III seeks an order substantively consolidating all of the defendants into the Debtor's bankruptcy estate, a request for relief available only in bankruptcy. *In re Pearlman*, 462 B.R. 849, 854 (Bankr.M.D.Fla.2012); *see also Eastgroup Properties v. S. Motel Ass'n, Ltd.*, 935 F.2d 245, 248 (11th Cir.1991). Substantive consolidation is a proceeding "arising in" a

case under title 11. *In re Petters Co.*, 506 B.R. 784, 792 n. 10 (Bankr.D.Minn.2013).

■ Lastly, Count IV seeks an accounting from each defendant, so that the trustee can be sure he is obtaining control over all that is rightfully considered part of the bankruptcy estate. While one can certainly seek an accounting outside a bankruptcy case, here the relief sought is part of the determination of what is in fact part of the bankruptcy estate in this case, and so central to the bankruptcy process. Such an accounting is an integral part of the identification of property of the estate, and thus a proceeding "arising in" a case under title 11.

■ As the Supreme Court recently confirmed, the phrase "core proceedings" in 28 U.S.C. § 157(b)(1) is synonymous with proceedings arising under title 11 or arising in a case under title 11. *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 2604–05, 180 L.Ed.2d 475 (2011). Here, each request for relief in the complaint is either a proceeding arising under title 11 or a proceeding arising in a case under title 11, and so each such request for relief is a core matter. 28 U.S.C. § 157(b)(2) provides a non-exclusive list of types of core matters. Although not required, the Court often indicates which sub-provisions of section 157(b)(2) apply in a particular case. These proceedings are core under sections 157(b)(2)(A) (matters concerning administration of the estate), (E) (orders to turn over property of the estate), and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship). The Court has statutory power to enter final orders and judgments in this case under 28 U.S.C. § 157(b)(1).[7]

---

7. The Court has located one decision ruling, in spite of explicit recognition that substantive

consolidation is available only in bankruptcy, that such a request for relief is not a core

The only remaining question is whether this Court is nonetheless without power to enter final orders and judgments in this adversary proceeding as a result of the limitations of Article III of the Constitution. The bankruptcy courts may not exercise the judicial power of the United States under Article III. *Stern*, 131 S.Ct. at 2620. Does final ruling in the current adversary proceeding involve exercise of the judicial power of the United States? The Court concludes that it does not.

■■■ An action that "stems from the bankruptcy itself"—that is an integral part of the bankruptcy process—is subject to final ruling in the bankruptcy court. *Id.* at 2618. For example, the bankruptcy court may enter a final order determining

whether to permit the sale of an asset of the estate. Likewise, final ruling on an objection to a claim, a proceeding seeking "a pro rata share of the bankruptcy *res*", *id.* at 2614, 2618 (*citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)), also a central part of the "restructuring of the debtor-creditor relationship", *id.* at 2617, does not require an Article III tribunal.[8] This is to be contrasted with actions that seek only "to augment the bankruptcy estate," which require determination by an Article III court. *Stern*, 131 S.Ct. at 2618 (*citing Granfinanciera*, 492 U.S. at 56, 109 S.Ct. 2782). For example, in most cases a claim brought by the bankruptcy estate for breach of contract or tort is subject to entry of final judgment only by an Article

matter. *Rodriguez v. Boyd (In re Boyd)*, Adv. No. 12–05108, 2012 WL 5199146, 2012 Bankr.LEXIS 4969 (Bankr.W.D.Tex. Oct. 20, 2012). If there is bankruptcy jurisdiction under 28 U.S.C. § 1334(b), the proceeding must be one "arising under" title 11, one "arising in" a case under title 11, or one "related to" a case under title 11. Proceedings "arising under" or "arising in" are core matters under 28 U.S.C. § 157(b)(1). "Related to" matters are non-core. The reverse is true as well. If a matter is non-core, it is a "related to" matter. To say that substantive consolidation is a non-core matter is the same as saying that subject matter jurisdiction attaches only because a request for substantive consolidation is "related to" a case under title 11. Yet a "related to" matter is one that may be pursued outside a bankruptcy case. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990). Substantive consolidation may be sought only in bankruptcy. It is logically impossible that substantive consolidation is a "related to" or non-core matter. *See In re Petters Co.*, 506 B.R. 784, 792 n. 10 (Bankr.D.Minn.2013).

**8.** The Supreme Court has several times declined to provide a Constitutional basis for these conclusions. Yet the Supreme Court has repeatedly stated that determinations central to the bankruptcy process are subject to

final orders and judgments in the bankruptcy court, often in the very same decisions where it avoids explaining why. *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 2614 n. 7, 180 L.Ed.2d 475 (2011); *Granfinanciera, S A. v. Nordberg*, 492 U.S. 33, 56 n. 11, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71–72, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion). In *Stern*, for example, the Supreme Court stated that a request for relief that "stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process" may be finally determined in the bankruptcy court. *Stern*, 131 S.Ct. at 2618. But the court refused to say whether this analysis falls under the public rights rubric or some other yet unannounced, perhaps historical, corollary to Article III precedent. *Stern*, 131 S.Ct. at 2614 n. 7. Nevertheless, it appears unassailable that the bankruptcy courts retain the power to enter final orders and judgments in matters central to the bankruptcy process. *See id.* at 2618; *see also Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 773 (7th Cir.2013), *cert. granted in part*, —— U.S. ——, 134 S.Ct. 2901, —— L.Ed.2d —— (2014) ("The Supreme Court has not come close to holding that an Article III judge must decide claims for which the Bankruptcy Code itself provides the rule of decision....").

III court. *Id.* at 2615.[9]

One might argue that the plaintiff's request for a declaratory judgment that the defendants and their property are property of the estate in this case, based on a theory of *alter ego,* and the request for an order of substantive consolidation against entities that are not themselves debtors in bankruptcy, at least formalistically appear to be attempts to augment the Debtor's bankruptcy estate. Yet the plaintiff does not pursue typical preexisting claims of the estate against the defendants. To the contrary, the plaintiff asks the Court to recognize that the defendants are not truly separate entities, that they have no purpose other than to hide assets held entirely for the Debtor's benefit. The gravamen of the complaint is a request that the Court recognize that all assets held in the names of the various defendants are actually assets of the Debtor. Property of the estate includes all "equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). The plaintiff seeks a ruling that property legally held in the names of the defendants is and always has been equitably owned by the Debtor. The plaintiff then asks that such property be turned over to the plaintiff as trustee, to be administered in this chapter 7 case, and that there be an accounting so that the trustee can be sure he has obtained control over all property of the estate. The relief requested requires the Court to determine what is and is not property of the estate, a decision central to the mission of the bankruptcy court. Ruling on these claims does not require the exercise of the judicial power of the United States. It is not a violation of Article III for this Court to enter final orders and judgments in such proceedings.[10]

The Movant Defendants argue that "[t]he substance of the case against defendants involves allegations of fraudulent transfers." It is hard to imagine how the Movant Defendants reach this conclusion. While the complaint mentions certain transfers of assets involving the Debtor and some of the defendants, these allegations are intended to support relief under the *alter ego* and substantive consolidation counts. The complaint contains no request for relief based on federal or state fraudulent transfer law.[11] Even if this case involved fraudulent transfer claims, it remains unclear whether such claims may be the subject of final orders and judgments in the bankruptcy court consistent with

---

9. If the claim held by the estate is a counterclaim to a claim presented against the estate, and the counterclaim will necessarily be determined in ruling on the creditor's claim, then the counterclaim is subject to final ruling in the bankruptcy court along with the ruling on the creditor's claim. *Id.* at 2617–18.

10. The Court is aware of a recent decision of the 7th Circuit holding that an *alter ego* claim is not subject to final judgment in the bankruptcy court. *Wellness Int'l Network,* 727 F.3d at 775–76 (7th Cir.2013). That decision arose in the context of a default judgment entered by the bankruptcy court as a sanction for repeated discovery violations by the defendant. The court details the rationale for the bankruptcy court entering the default judgment. But the specific allegations of the subject complaint are not apparent from the decision. It is difficult to tell whether the substance of the claim was a request that the bankruptcy court recognize assets of the estate hidden by the debtor, as in this case, or a request that a non-debtor be held liable to creditors of the estate. In any case, the decision is not binding on this Court.

11. The Movant Defendants also argue that they have a right to trial by jury under the 7th Amendment, again on the theory that this case involves fraudulent transfer claims. But the relief requested in the complaint is either based in equity (*alter ego,* substantive consolidation, and accounting) or based on a federal statute for which there is no right to jury trial (turnover under 11 U.S.C. § 542). No right to trial by jury attaches in this case.

Article III. In a recent decision, the Supreme Court specifically reserved ruling on the issue. *Exec. Benefits Ins. Agency v. Arkison,* — U.S. —, 134 S.Ct. 2165, 2174, 189 L.Ed.2d 83 (2014). In the meantime, this Court is guided by 11th Circuit precedent that fraudulent transfer claims brought under 11 U.S.C. §§ 548 or 544 are core matters subject to entry of final orders and judgments in the bankruptcy court. *See, e.g., Nordberg v. Granfinanciera, S.A. (In re Chase & Sanborn Corp.),* 835 F.2d 1341, 1349 (11th Cir.1988), *rev'd on other grounds,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Andrews v. RBL, L.L.C. (In re Vista Bella),* No. 12–00060, 2012 Bankr.LEXIS 4014, 2012 WL 3778956 (Bankr.S.D.Ala. Aug. 30, 2012). As the 11th Circuit recently pointed out, it is not appropriate to extrapolate from a Supreme Court decision, extending its holding in a manner inconsistent with settled circuit law. *McNeal v. GMAC Mortg., LLC (In re McNeal),* 735 F.3d 1263, 1265–66 (11th Cir.2012) ("As we have stated, '[o]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing.'" (quoting *Atl. Sounding Co. v. Townsend,* 496 F.3d 1282, 1284 (11th Cir.2007))).

■ Finally, the Court notes that should this Court enter final orders or judgments in this case and the district court later determine that this Court was without power to do so consistent with Article III, on any issue presented, the district court may treat this Court's ruling as proposed findings of fact and conclusions of law and act accordingly. This approach is specifically sanctioned in the district court's Standing Order [12] and is consistent with recent Supreme Court precedent. *Executive Benefits Ins. Agency v. Arkison,* — U.S. —, 134 S.Ct. 2165, 2175, 189 L.Ed.2d 83 (2014).

## CONCLUSION

For the foregoing reasons, the Court FINDS as follows:

1. The Court has subject matter jurisdiction over all claims presented in this adversary proceeding under 28 U.S.C. § 1334(b);

2. All matters presented in this adversary proceeding either arise under title 11 or arise in a case under title 11 within the meaning of 28 U.S.C. § 1334(b);

3. All matters presented in this adversary proceeding are "core" matters under 28 U.S.C. § 157(b);

4. This Court may enter final orders and judgments in this case; and

5. The Clerk shall include this Order in the record transmitted to the District Court pursuant to Local Rule 5011–1 in connection with the motion to withdraw the reference filed at ECF No. 51.

---

**12.** "The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event that the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution."