[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11353
Non-Argument Calendar
_____

D.C. Docket Nos. 1:14-cv-00547-CAP; 13-bkc-72055-MHM

In Re: ROBBIE THOMAS LEE,
         CHRISTINA REDIC LEE,

                                                                Debtors.

_____

BANK OF AMERICA, N.A.,

                                                                Plaintiff-Appellant,

versus

ROBBIE THOMAS LEE,
CHRISTINA REDIC LEE,

                                                                Defendants-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2014)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bank of America, N.A., appeals from the district court's affirmance of an order from the bankruptcy court voiding Bank of America's second-priority mortgage lien on Robbie Lee and Christina Lee's residential property in a Chapter 7 bankruptcy proceeding. The Lees' property was subject to two mortgage liens at the time they filed for bankruptcy. The outstanding debt on the first-priority mortgage exceeded the fair market value of the property. Bank of America held a second-priority mortgage, which had a value of around $23,000. Because the debt on the first-priority mortgage exceeded the value of the property, the Lees moved to "strip off," or void in its entirety, the unsecured junior lien held by Bank of America.

The bankruptcy court granted the Lees' motion, concluding that binding circuit precedent authorized the Lees to avoid Bank of America's junior mortgage lien under 11 U.S.C. § 506(a) and (d). *See McNeal v. GMAC Mortg., LLC (In re McNeal)*, 735 F.3d 1263, 1265-66 (11th Cir. 2012); *Folendore v. U.S. Small Bus. Admin. (In re Folendore)*, 862 F.2d 1537, 1538-39 (11th Cir. 1989). Bank of America appealed to the district court but moved for summary affirmance, acknowledging that *McNeal* and *Folendore* were controlling. The district court affirmed, and Bank of America now appeals to this Court.

2

Bank of America maintains that the Supreme Court's opinion in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773 (1992), makes clear that *Folendore* was wrongly decided and should be overturned. *Dewsnup* held that a Chapter 7 debtor could not "strip down," or partially void, a creditor's lien on real property where the value of the property is less than what is due the creditor. 502 U.S. at 417, 112 S. Ct. 773. According to Bank of America, after *Dewsnup*, the Eleventh Circuit stands alone in holding that underwater junior liens may be "stripped off."

However, in *McNeal*, we reaffirmed *Folendore* despite the holding in *Dewsnup*. *McNeal*, 735 F.3d at 1265-66. Accordingly, it remains the law of this Circuit that a wholly unsecured junior lien—such as the one held here by Bank of America—is voidable under § 506(d). *Id.* Bank of America concedes that this panel is bound by *McNeal* and *Folendore* to affirm the bankruptcy court's order but reserves the right to seek rehearing of the issue by the Court sitting *en banc*. We therefore affirm.

**AFFIRMED.**