[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10518
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cv-01933-JA,
Bkcy No. 6:13-bk-07503-KSJ

In re ALEXIS LOPEZ

Debtor.

_____

BANK OF AMERICA,

Plaintiff-Appellant,

versus

ALEXIS LOPEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 3, 2014)

Before WILSON, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Bank of America appeals the bankruptcy judge's order in a Chapter 7 bankruptcy proceeding that allowed Alexis Lopez to "strip off" Bank of America's second-priority lien. We affirm.

Lopez has two mortgage liens on his house. The first has an outstanding balance that exceeds the current value of the house. The second mortgage lien at issue in this case is held by Bank of America and is junior to the first lien. Bank of America's lien is considered to be wholly "underwater," because the debt secured by the first lien exceeds the current value of the house. ROA at 67.

Lopez moved to have Bank of America's junior lien extinguished under § 506(d) of the Bankruptcy Code. *See* 11 U.S.C. § 506(d).[1] The bankruptcy judge granted Lopez's motion and concluded binding circuit precedent holds § 506(d) authorizes a Chapter 7 debtor to "strip off" (remove in its entirety) a junior lien, where the amount of debt securing the senior lien exceeds the value of the house. *McNeal v. GMAC Mortgage, LLC (In re McNeal)*, 735 F.3d 1263, 1264-66 (11th

---

[1] Section 506(d) provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).

2

Cir. 2012) (per curiam) (holding a wholly unsecured junior lien may be stripped off or voided under 11 U.S.C. § 502(d)); *Folendore v. SBA (In re Folendore)*, 862 F.2d 1537, 1539 (11th Cir. 1989) (interpreting 11 U.S.C. § 506(a) and (d) and concluding that an allowed claim that was wholly unsecured was voidable under the plain language of 11 U.S.C. § 506(d)).

Bank of America appealed to the district court. It subsequently moved for summary affirmance in view of our binding precedent and noted a challenge to *McNeal*'s reasoning would more appropriately be heard by this court or the Supreme Court. The district judge granted the motion. Bank of America now seeks the appellate review that its motion for summary affirmance was intended to expedite.

Bank of America argues the decision of the Supreme Court in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773 (1992), abrogated our construction of § 506(d) in *Folendore*. As Bank of America acknowledges, however, we rejected that argument in *McNeal* and concluded *Dewsnup* was not clearly on point, because it disallowed only a "strip down" of a partially unsecured mortgage lien, rather than a "strip off" of a wholly unsecured mortgage lien.[2] *McNeal*, 735 F.3d at 1265-66.

---

[2] A "strip down" of an unsecured lien reduces the lien to the value of the collateral to which it attaches, while a "strip off" removes a wholly unsecured lien in its entirety. *McNeal*, 735 F.3d at 1264 n.1.

Because we are bound to follow our prior published decisions in *Folendore* and *McNeal*, we affirm the bankruptcy judge's decision voiding Bank of America's lien on Lopez's house. *See World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 650 (11th Cir. 2012) ("[T]he holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.") (citation and internal quotation marks omitted)).

**AFFIRMED.**