[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12585
Non-Argument Calendar
_____

D.C. Docket Nos. 2:14-cv-00095-RWS; BK-13-23492-REB


In Re: JAMES JEROME PHILLIPS,
         TAMARA JOHNSTON PHILLIPS,

                                                      Debtors.
_____

BANK OF AMERICA, NA,

                                          Plaintiff - Appellant,

versus

JAMES JEROME PHILLIPS,
TAMARA JOHNSTON PHILLIPS,

                                          Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 29, 2014)

Before WILSON, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

Appellees, James and Tamara Phillips, are Chapter 7 debtors. They have two mortgages on their house. The parties do not dispute that the second lien is completely underwater. Appellant, Bank of America, N.A. ("Bank of America"), holds the second lien. The Phillipses moved in the bankruptcy court to have Bank of America's lien declared void under Section 506(d) of the Bankruptcy Code. The bankruptcy court granted the motion, and the district court affirmed.

Section 506(d) of the Bankruptcy Code provides, in pertinent part, that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. §506(d). This Court held in *Folendore v. Small Business Administration,* 862 F.2d 1537, 1540 (11th Cir. 1989), that Section 506(d) permitted a Chapter 7 debtor to "strip off" a wholly "underwater" lien, such as Bank of America's lien in this case.

The Supreme Court of the United States rejected the reasoning of *Folendore* in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773 (1992), holding that a lien *partially* underwater could not be stripped *down* to the value of the collateral under Section 506(d). Nevertheless, bound by this Court's "prior panel precedent" rule and reasoning that *Dewsnup* was not "clearly on point" with *Folendore*, this Court in *McNeal v. GMAC Mortgage, LLC*, 735 F.3d 1263, 1264–65 (11th Cir. 2012),

2

declined to follow *Dewsnup* and other courts that had departed from *Folendore*. The *McNeal* panel held fast to *Folendore* and allowed the debtor to strip off an underwater junior lien pursuant to Section 506(d).[1]  We hold that *McNeal* and *Folendore* are the law in this circuit with respect to the issue presented here. Accordingly, we affirm the decision of the district court.

Bank of America concedes that the *McNeal* holding is binding precedent, but seeks further appellate review of the issue.  Should Bank of America choose to petition this Court for en banc consideration of the issue it raises here, this Court should seriously consider the petition.

**AFFIRMED**

---

[1] "Although *Folendore* addressed the 1978 version of the Bankruptcy Code, the 1984 amendments to the Code did not alter the pertinent language of Section 506(a) or (d)." *McNeal*, 735 F.3d at 1265 n.3.