[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11373
Non-Argument Calendar
_____

D. C. Docket Nos. 3:14-cv-00200-BJD; 3:13-bkc-00346-PMG

In re:  PHALLY LANG,

Debtor.

_____

THE BANK OF NEW YORK MELLON,
f.k.a. Bank of New York,

Plaintiff-Appellant,

versus

PHALLY LANG,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.


PER CURIAM:


Bank of America, N.A., as servicer for The Bank of New York Mellon, appeals the district court's summary affirmance of the bankruptcy court's order voiding a wholly unsecured second priority lien on residential property owned by a Chapter 7 debtor.

The bankruptcy court granted Debtor's request to "strip off" the unsecured junior lien, based on this Court's binding precedent in McNeal v. GMAC Mortg., LLC (In re McNeal), 735 F.3d 1263 (11th Cir. 2012) (citing Folendore v. United States Small Bus. Admin. (In re Folendore), 862 F.2d 1537 (11th Cir. 1989)). In McNeal, this Court concluded that a Chapter 7 debtor is allowed to "strip off" a second priority lien on his home, pursuant to 11 U.S.C. § 506(a) and (d), when the first priority lien exceeds the value of the property.

Bank of America acknowledges that this panel is bound by the Court's decisions in McNeal and Folendore, but reserves the right to seek reconsideration of the issue by the en banc Court. Cf. United States v. Smith, 122 F.3d 1355, 1359 (11th Cir. 1997) ("Under the prior panel precedent rule, we are bound by earlier

2

panel holdings . . . unless and until they are overruled <u>en banc</u> or by the Supreme Court.").

AFFIRMED.