[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14298
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02703-SCJ,
Bkcy No. 13-bkc-59123-MGC

In Re: BELINDA TOLBERT BROWN,

Debtor.
_____

BANK OF AMERICA, N.A.,

Plaintiff-Appellant,

versus

BELINDA TOLBERT BROWN,

Defendant-Appellee.

_____

No. 13-14438
Non-Argument Calendar
_____

D.C. Docket No.  4:13-cv-00209-HLM,
Bkcy No. 13-bkc-41719-PWB

RANDALL LEE MADDEN,
BARBARA LYNN MADDEN,

Debtors.

_____

BANK OF AMERICA, N.A.,

Plaintiff-Appellant,

versus

RANDALL LEE MADDEN,
BARBARA LYNN MADDEN,

Defendants-Appellees.

_____

No. 13-14908
Non-Argument Calendar
_____

D.C. Docket No.  1:13-cv-03050-SCJ,
Bkcy No. 13-bkc-60912-JRS

In Re: BETTY JEAN BOYKINS,

Debtor.

_____

BANK OF AMERICA BANK, NA,

Plaintiff-Appellant,

versus

BETTY JEAN BOYKINS,

Defendant-Appellee.

_____

No. 13-15839
Non-Argument Calendar
_____

D.C. Docket No.  1:13-cv-03853-JEC,
Bkcy No. 12-bkc-81760-WLH

IN RE: PAMELA FAE PEELE,

Debtor.
_____

BANK OF AMERICA BANK, NA,

Plaintiff-Appellant,

versus

PAMELA FAE PEELE,

Defendant-Appellee.

_____

No. 14-10137
Non-Argument Calendar
_____

D.C. Docket No.  1:13-cv-04141-WBH,
Bkcy No. 13-bkc-68483-BEM

In Re: TONI RENEE HAMILTON-PRESHA,

Debtor.

_____

BANK OF AMERICA, N.A.,

Plaintiff-Appellant,

versus

TONI RENEE HAMILTON-PRESHA,

Defendant-Appellee.

_____

No. 14-11012
Non-Argument Calendar
_____

D.C. Docket No.  1:14-cv-00355-JEC,
Bkcy No. 13-bkc-74836-BEM

In Re: ILYA BELOTSERKOVSKY,

Debtor.

_____

ILYA BELOTSERKOVSKY,

Plaintiff-Appellee.

4

versus

BANK OF AMERICA, N.A.,

                                        Defendant-Appellant.


                        _____

                        No. 14-11387
                        Non-Argument Calendar
                        _____

                D.C. Docket No.  1:13-cv-04076-WSD,
                    Bkcy No. 13-bkc-64749-BEM


BEVERLY JOHNSON,

                                        Debtor.
_____

BANK OF AMERICA, N.A.,

                                        Plaintiff-Appellant,

versus

BEVERLY JOHNSON,

                                        Defendant-Appellee.


                        _____

                        No. 14-11676
                        Non-Argument Calendar
                        _____


5

D.C. Docket No.  1:13-cv-03405-ODE,
Bkcy No. 13-bkc-60795-BEM

In Re: ROSA LILIANA GARRO,

Debtor.

_____

BANK OF AMERICA BANK, NA,

Plaintiff-Appellant,

versus

ROSA LILIANA GARRO,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(October 28, 2014)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

The following facts are undisputed.  The appellees filed voluntary petitions

for bankruptcy under Chapter 7 of the Bankruptcy Code.  In their petitions, they

reported that their homes were subject to two mortgage liens.  In every case,

appellant Bank of America, N.A. held the second-priority mortgage liens.  In every

case, the value of the home was less than the balance of the senior lienholder's

6

mortgage.  Each petitioner sought a determination from the bankruptcy court that Bank of America's junior mortgage lien was wholly unsecured and, therefore, void under 11 U.S.C. § 506(a) and (d).  The bankruptcy court granted each motion. Bank of America appealed in every case and the district court affirmed every time.

Bank of America brought separate appeals to this Court.  The appellees filed motions to consolidate the appeals, which this Court granted.  Bank of America filed a motion for initial hearing en banc, which this Court denied.

When the district court affirms the bankruptcy court's order, we review only the bankruptcy court's decision on appeal.  Educ. Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir. 2007).  We review de novo the bankruptcy court's legal conclusions.  Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

In Folendore v. United States Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989), we held that an allowed claim that is wholly unsecured — just as Bank of America's claims are here — is voidable under the plain language of section 506(d).  Id. at 1538–39.  Bank of America contends that the Supreme Court's decision in Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773 (1992), abrogated our Folendore decision.  Bank of America concedes, however, that "[u]nder our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'"  Atl. Sounding

7

Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007). Bank of America

also concedes that our decision in In re McNeal, 735 F.3d 1263 (11th Cir. 2012),

held that the Supreme Court's decision in Dewsnup is not clearly on point because

it "disallowed only a 'strip down' of a partially secured mortgage lien and did not

address a 'strip off' of a wholly unsecured lien." Id. at 1265. Our Folendore and

McNeal decisions control this case.

**AFFIRMED**.